Cornell J. ALMON, Respondent,

v.

Barbara BLACK, Appellant.

No. 42123.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 6, 1981.

Raymond Howard, St. Louis, for appellant.

Cyril Clancy, Clayton, for respondent.

REINHARD, Judge.

Defendant appeals from a judgment rendered against her in an automobile accident suit tried to an associate circuit court judge sitting by assignment as a circuit judge.

Plaintiff Almon filed suit against defendant Black after their automobiles collided at an intersection. Plaintiff sought recovery for damage to his automobile, medical expenses, lost wages, and physical injury. The judge awarded plaintiff damages in the total sum of $1,750.00.

On appeal, defendant first contends that the court erred in denying her a jury trial, because she never effectively waived her right to a jury. Rule 69.01(b) states that the parties to a suit shall be deemed to have waived a jury trial: "(1) by failing to appear at trial; (2) by filing with the clerk written consent in person or by attorney; (3) by oral consent in court ...; (4) by entering into trial before the court without objection." Here, defendant first raised this claim in her motion for a new trial; at trial, she had appeared and even testified without any apparent objection to lack of a jury. In addition, defendant's attorney agreed to and signed a written memorandum waiving a jury. Defendant contends this waiver was not valid since she did not authorize it, but it is a well established rule that an attorney in charge of a case has apparent authority to enter into any stipulation to control the progress of the action, and that the client will be bound thereby. *Wenneker v. Frager*, 448 S.W.2d 932, 937 (Mo.App.1969). We hold that the waiver of a jury in this civil case by defendant's attorney having apparent authority to do so is binding upon her.

Defendant does not object to that portion of the judgment relating to property damage, but challenges the court's right to render a judgment as to damages related to personal injury. She argues the court erred because there was "no competent medical evidence of plaintiff's injuries in that no doctor testified as to the cause of plaintiff's injuries."

The plaintiff testified that he injured his chest, back, shoulders and hips. In response to a question as to when he first sought medical attention for the injuries, he testified that "on April the ninth [22 days after the accident], I experienced difficulties ...." and went to a private physician. He stated that the physician sent him to Missouri Baptist Hospital to have X-rays taken. His expenses were his doctor bill of $155.00, hospital bill of $75.00, and lost wages in the amount of $88.00. His doctor did not testify; the only evidence of a medical nature, other than plaintiff's own testimony, was the hospital X-ray report which was read into the record. The report made no reference to the plaintiff's accident or injuries, but noted possible evidence of a stomach ulcer.

We note that the plaintiff in an action for personal injuries bears the burden of showing by substantial evidence that he was injured, *Merritt v. Mantony*, 353 S.W.2d 768 (Mo.1962), and that a causal connection existed between the accident and his injuries. *Harrison v. Weller*, 423 S.W.2d 226, 230 (Mo.App.1967). This burden may sometimes be met without the testimony of a medical expert, because "[e]vidence of an obvious wound, as a cut or bruise, or an immediate bleeding, would justify an inference by a layman that the injury was caused by the accident." *Bertram v. Wunning*, 385 S.W.2d 803, 806 (Mo. App.1965). Here, however, the only evidence of injury and causation was plaintiff's testimony he "hit [his] chest against the steering column," and "experienced pains in [his] chest, back and shoulders and hips." There was no medical evidence on this point, nor was there any evidence regarding obvious injury, such as bruises, bleeding, etc. Further, plaintiff acknowledged that he did not consult a doctor until approximately three weeks after the accident. We do not believe that plaintiff's testimony on this point was the sort of evidence which would justify a layman to infer that plaintiff's alleged injuries were caused by the accident. *Id.; Moore v. Glasgow*, 366 S.W.2d 475, 483 (Mo.App.1963).

Under these circumstances, only that portion of the court's judgment pertaining to property damage is supported by the evidence. The amount of that undisputed damage is shown by the record to be $1,022.00.

We hereby affirm the judgment in the amount of $1,022.00.

CRIST, P. J., and SNYDER, J., concur.