**Gregory HENDERSON, Appellant/Respondent,**

v.

**Robert SMITH, Respondent/Appellant.**

**Nos. 44994, 45005.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 14, 1982.

**2.** This is not to say the parties did not have other remedies. *See, Potter v. Patee,* 493 S.W.2d 58, 60 (Mo.App.1973).

William R. Kirby, St. Louis, for appellant/respondent.

Anthony F. Vaiana, Clayton, for respondent/appellant.

REINHARD, Judge.

Automobile collision case.

Plaintiff filed this action for personal injuries received in an accident with defendant which occurred on Highway 70 near St. Louis on October 16, 1976. Defendant counterclaimed for personal injuries and property damage and prayed for damages in the amount of $5,000.00. The jury returned a verdict for defendant on plaintiff's petition and also on defendant's counter-

claim in the amount of $2,500.00 for property damage. The trial court entered judgment in accordance with the jury verdict, but ultimately sustained plaintiff's motion for a new trial as to all issues on the counterclaim.

Both parties filed notices of appeal. Although plaintiff filed a notice of appeal as to his cause of action, he did not file an appellant's brief, and his appeal is deemed abandoned. Rule 84.04(j). His appeal is dismissed. *White v. Robertson-Drago Funeral Home, Inc.*, 552 S.W.2d 47 (Mo.App. 1977). We will consider only defendant's appeal from the court's order granting plaintiff's motion for a new trial.

Plaintiff's principal challenge to the judgment in his motion for a new trial was that the evidence of property damage was insufficient. Obviously, the trial court was convinced that the defendant's failure to use the magic words "reasonable market value" when stating the value of the car before and after the accident rendered the proof of damages defective.

The proper measure of damages to personal property is the difference between its reasonable market value before the injury and its reasonable market value after the injury. Here, we must determine whether the evidence of damage to defendant's automobile was sufficient. That evidence was as follows:

Q. (By Mr. Vaiana): Okay. The automobile, Bob, that you were driving at that time, was it repaired?

A. No.

Q. Do you have an opinion as to what the value of that automobile was immediately before this accident?

A. The value to me was approximately between $2,000 and $2,500.

Mr. Kirby: I object to that. Your Honor, That's—

The Court: Sustained.

Mr. Kirby:—not a proper standard.

Q. Well, not the value to you. Just what the value was, not to you, just what the value of that vehicle was?

A. $2,500.

Q. All right. And, do you have any opinion or do you have—What is your opinion as to the value of that automobile after this accident?

A. Nothing.

Q. Now, these tools that you have described for us, you were the owner of those, were you?

A. Yes, I was.

Q. And, do you have an opinion as to what the value of those tools and meters and other electronic equipment that you described for us was at the time of this accident, before the accident?

A. I'd say about $300.

Q. And, do you have—Were you able to salvage any of that equipment?

A. No, sir.

Q. Was that all in the trunk of the car.

A. It was all in the trunk of the car.

Q. And, you were not able to salvage any of it at all?

A. No, sir.

Q. Did it have any value after this accident?

A. No, sir.

Q. The personal property, electronic equipment?

A. None whatsoever.

In *State ex rel. Spears v. McCullen,* 210 S.W.2d 68 (Mo. banc 1948), the Supreme Court of Missouri was confronted with the same argument that plaintiff makes here. The court there recognized the long-standing rule that the owner of a vehicle, without further qualification, may testify as to its reasonable value and that it is for the jury to determine the weight and value of such testimony. The plaintiff there testified that his automobile was worth $300.00 prior to the accident and $100.00 after the accident. The Court determined that evidence was sufficient to support the damage instruction.

Plaintiff relies on *Hood v. MFA Mutual Insurance Co.,* 379 S.W.2d 806 (Mo.App. 1964), wherein the Missouri Court of Appeals for the Southern District, in reversing on other grounds, stated that on retrial the evidence should be as to the reasonable market value before and after the accident. After *Hood,* the Southern District discussed the issue involved here in two additional cases, *Bridgeforth v. Proffitt,* 490 S.W.2d 416 (Mo.App.1973), and *Casada v. Hamby Excavating Co., Inc.,* 575 S.W.2d 851 (Mo. App.1978). In *Bridgeforth* the court stated, "Neither original cost nor plaintiffs' subjective opinions as to 'value' or 'worth' of used articles of personalty may be equated with or substituted for fair market value." *Bridgeforth v. Proffitt,* 490 S.W.2d at 425. Judge Hogan, speaking for the court in *Casada,* commented on the above statement in *Bridgeforth:*

> Certainly the statement of the court applied to the facts of *Bridgeforth* was apt, but it was not intended as a rigid, inflexible pronouncement applicable to all cases whatever the facts might be, nor was the opinion meant to prescribe the language in which a qualified witness' opinion must be expressed. Defendant has mistakenly interpreted the opinion.
>
> . . . .
>
> Nevertheless, the owner's competence is a quality in the nature of a rebuttable presumption, and if it is shown upon a qualifying voir dire or upon cross-examination that the owner in fact lacks knowledge of the value at issue, or that his opinion is based on an improper standard, then a trial court may exclude or strike out the owner's opinion, and if the opinion is erroneously received, a court on appeal may reverse for want of substantial evidence of damage. Otherwise put, when the foundation for the owner's opinion collapses, so does the opinion. [citations omitted].

*Casada v. Hamby Excavating Co., Inc.,* 575 S.W.2d at 854, 855.

■ Here, defendant's evidence of value was sufficient.

Next, plaintiff contends there was no substantial evidence of personal injury and,

therefore, the court erroneously gave Instruction No. 15, MAI 4.01, instead of MAI 4.02.

■ Where claimant's recovery is based upon property damage alone, the court is required to give MAI 4.02, and its giving MAI 4.01 is error. MAI 4.01 is to be used when both personal and property damages are claimed. *Sands v. R.G. McKelvey Building Co.,* 571 S.W.2d 726, 730 (Mo.App.1978).

The defendant's own testimony was the only evidence of his physical injury. He described his physical problems after the accident, saying, "I has [sic] contusions on both thumbs ... both my thumbs were swollen." He did not have problems with the thumbs before impact. The thumbs cleared up, and he has no problems with them now. No physician testified, but there was evidence of a medical bill of approximately $143.00 for an examination and x-rays at a hospital. The bill was not offered into evidence.

■ Defendant here had the burden of showing by substantial evidence that he was injured and that a causal connection existed between the accident and his injury. That burden can be met without expert medical testimony. *Almon v. Black,* 611 S.W.2d 368, 370 (Mo.App.1981). It has been held that: "Evidence of an obvious wound, as a cut or bruise, or an immediate bleeding, would justify an inference by a layman that the injury was caused by the accident." *Bertram v. Wunning,* 385 S.W.2d 803, 806 (Mo.App.1965). Here, it appears to us that a swollen thumb falls into the same category as a bruise and is an obvious wound. Defendant's testimony that he did not have the bruises or swelling before the accident, but had them immediately thereafter, was sufficient to make a submissible case on personal injury. Therefore, the court properly submitted MAI 4.01 rather MAI 4.02.

■ In his motion for new trial, plaintiff also claimed the verdict on defendant's counterclaim exceeded the pleadings and evidence. The defendant alleged damage to his vehicle in the amount of only $2,000.00, and he made no allegations of damage to his electronic equipment and tools. However, at trial, plaintiff failed to object to the variance between the allegations in the counterclaim and defendant's testimony, quoted above, as to damage to his vehicle and his electronic equipment and tools. Therefore, we find that the pleadings were amended by implication to conform to the proof. *Oldham's Farm Sausage Co. v. Salco, Inc.,* 633 S.W.2d 177, 183 (Mo.App.1982); Rule 55.33. *See also Brazell v. St. Louis Southwestern Ry. Co.,* 632 S.W.2d 277, 281 (Mo.App.1982). Defendant prayed for total damages in the amount of $5,000.00, therefore, the $2,500.00 award was within the range of defendant's prayer.

Having found the pleadings and the evidence sufficient to support the verdict and the instructions, we find the trial court erred in granting plaintiff's motion for a new trial. The order of the trial court is reversed, and the verdict of the jury is reinstated.

CRANDALL and CRIST, JJ., concur.