_____

No. 95-2409
_____

Dianna Disesa,                        *
                                      *
          Appellant,                  *
                                      *
     v.                               *    Appeal from the United States
                                      *    District Court for the
St. Louis Community College;          *    Eastern District of Missouri.
Betty Duvall, Individually and        *
in capacity as Dean of                *
Instruction; Francis R. Dennis,       *
Individually and in capacity          *
as Chairperson of Nursing             *
Department; Thelma Vasques,           *
Individually and in capacity as       *
Nursing Instructor,                   *
                                      *
          Appellees.                  *


_____

          Submitted:  January 11, 1996

              Filed:  March 14, 1996
_____

Before WOLLMAN, ROSS, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.


     Dianna Disesa appeals from the magistrate judge's[1] grant of summary
judgment in her 42 U.S.C. § 1983 claim against St. Louis Community College
at Florissant (the "College") and five college officials, alleging
violations of her substantive and procedural due process rights regarding
a failed nursing school course.  We affirm.

---

[1]The Honorable David D. Noce, United States Magistrate Judge
for the Eastern District of Missouri, to whom the case was referred
by consent of the parties pursuant to 28 U.S.C. § 636(c).

# I.

Disesa alleges that during her final semester as a nursing student at the College she was informed that she had failed the classroom portion of a multi-part class entitled "Nursing of Adults and Children III," taught by defendants Thelma Vasquez, Dorothy Bowen and Joan Burns. Following the receipt of this failing grade and the final decision not to allow Disesa to retake the failed exam, Disesa was required to repeat the entire semester course, thus postponing her graduation by one semester.

The course grade was calculated on the basis of five quizzes, which accounted for seventy-five percent of the grade, and a final examination, which accounted for the remaining twenty-five percent. Following the first few quizzes, several students complained of administrative deficiencies in the testing procedures, including typographical errors in the materials and test questions, testing on materials not covered in class, and an inability to review the quizzes after they were graded. The nursing department responded to these complaints by issuing a formal announcement regarding more rigorous faculty proofreading requirements and by allowing the students to retake the third quiz.

Following the final exam, Disesa received a call from Francis Dennis, the chair of the nursing department, who informed Disesa that she had failed the classroom portion of the course and thus would not be allowed to graduate on schedule. In a class of forty-six students, Disesa was one of seven who failed. The failing students met with Dean Dennis to discuss the possibility of retaking the test. After a series of faculty meetings to discuss the situation, the request was denied. The decision was appealed to the Dean of Instruction, Betty Duvall, who also denied the students' request to retake the test.

The students referred their complaint to the Missouri Board of Nursing, and an investigation followed. On December 20, 1989, the Board issued a list of recommendations to be implemented by the college nursing program and requested a response. After receiving no response, the Board issued a citation to the College for deficiencies in meeting the minimum standards of accreditation. Subsequently, Dean Dennis responded with a compliance proposal that satisfied the Board and resolved the inquiry.

In response to the students' complaints, the College offered the failed course the following fall so that the students would not have to wait for its usual spring offering. Disesa retook the class in the fall semester and passed. She then passed the state licensing exam.

On May 23, 1991, Disesa filed a section 1983 action against the College, Vasquez, Bowen, Burns, Dennis, and Duvall. Disesa's complaint alleged numerous substantive and procedural due process violations related to the teaching of the failed course, Disesa's failing grade, and the administration's resolution of her complaints. In response to defendants' motion to dismiss for failure to state a cause of action, the district court[2] dismissed without prejudice all but four of Disesa's claims, an action from which Disesa does not appeal. The claims remaining were: 1) a procedural due process claim that defendants Dennis and Duvall failed to follow grievance procedures established by the College Handbook for resolving disputes regarding grading decisions; 2) a substantive due process claim against Vasquez, Burns, and Bowen concerning the alleged arbitrary and capricious administration of classroom prerequisites regarding individual students' attendance and work load; 3) a substantive due process claim that curricula requirements were waived on an arbitrary and capricious basis for

_____

[2]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

students similarly situated to Disesa; and 4) a substantive due process claim that defendants Dennis and Duvall's response to Disesa's complaints was motivated by ill will or bad faith.

For resolution of these remaining issues, the parties consented to the jurisdiction of the magistrate judge, who granted summary judgment on each claim.

## II.

We review de novo a grant of summary judgment, applying the same standard as the district court. Billingsley v. St. Louis County, 70 F.3d 61, 62 (8th Cir. 1995). We will affirm the district court's decision if we find no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id.

We first address Disesa's procedural due process claim alleging that in reviewing Disesa's complaints Dennis and Duvall failed to comply with procedures dictated by the College Student Rights and Responsibilities Handbook that was in effect during the Spring 1989 semester. The core of this claim is that an adequate forum was never provided for review of alleged course deficiencies that may have influenced the failing grade. Disesa points to the Handbook section entitled "violation of student rights," which provides for a hearing committee to review student grievances, and argues that she should have received such a hearing. This section, however, exempts from this process "purely academic matters," which are to be "handled through normal academic channels, ending with the decision of the dean of instruction."

If Disesa's grade complaint was properly classified as a purely academic matter, then it was appropriately handled through normal academic channels, ending with the final decision of the Dean of Instruction as required by the handbook. Disesa argues,

-4-

however, that her complaint concerned personnel problems that were not purely academic. She alleges that her grade was not entirely based on academic merit but was influenced by numerous administrative problems in the course. For example, Disesa points to the alleged arbitrary implementation of a class policy prohibiting eraser marks without approval. Disesa alleges that she was not permitted to change an answer on her final exam, while other students were permitted to do so. Although this and other alleged discrepancies may have affected Disesa's grade, we reject this attempt to bootstrap already-dismissed claims pertaining to the faulty administration of the class onto a remaining claim. These alleged procedural irregularities do not rise to a level sufficient to transport the grade outside the realm of academic decision. Indeed, as the Supreme Court noted in Board of Curators v. Horowitz, 435 U.S. 78, 90 (1978), grading decisions require "an expert evaluation of cumulative information and [are] not readily adapted to the procedural tools of judicial or administrative decisionmaking." Such determinations partake of the essence of purely academic decisions.

Moreover, even if Disesa could show a factual dispute regarding whether the College failed to follow its own grievance procedures, she was granted procedural protection beyond that required by the Fourteenth Amendment. See Schuler v. University of Minnesota, 788 F.2d 510, 515 (8th Cir. 1986) (holding that factual issue of University's compliance with internally prescribed procedural rules need not be resolved upon a finding that plaintiff received constitutionally adequate process), cert. denied, 479 U.S. 1056 (1987). Disesa took five quizzes that made up seventy-five percent of her grade. The notice of her deficient performance that these quizzes provided her, combined with the review of her grade by several administrators, more than satisfied any procedural due process rights that she may have had.

We next address Disesa's substantive due process claims. We have held that a student handbook setting forth a grievance procedure to contest an allegedly capricious or improper grade can establish a property interest in non-arbitrary grading. <u>Ikpeazu v. University of Nebraska</u>, 775 F.2d 250, 253 (8th Cir. 1985) (per curiam). We will assume for purposes of analysis that the handbook created such an interest in this case. To establish a substantive due process claim, Disesa must show that there was no rational basis for the College's decision or that the decision was motivated by bad faith or ill will. <u>Id.</u> (citations omitted).

The first substantive due process claim against Vasquez, Burns, and Bowen alleges that their administration of classroom prerequisites was arbitrary and capricious. Specifically, this claim points to the instructors' handling of the clinical portion of the class, asserting that some students were allowed to make up absences while others were not. Disesa admits, however, that she was not required to make up the one day of clinical that she missed. Because this alleged arbitrary policy was not applied to Disesa's detriment because she passed the clinical portion of the course, this claim lacks merit.

Disesa alleges that the defendants waived curricula requirements on an arbitrary and capricious basis. To support this claim, Disesa argues that two other nursing students, Andrea Garafalo and Linda Park, failed a course entitled Anatomy and Physiology II and were allowed a retest while Disesa was denied the opportunity to retake her failed exam. The course failed by Garafalo and Park, however, was taught by the biology department, not by the nursing school. Disesa does not allege that a nursing student was ever allowed to retake a final exam in a course offered by the nursing school. Because Disesa has failed to show arbitrary or capricious action with regard to the decision to deny her request to retest, this claim must fail.

Disesa alleges that Dennis and Duvall's review of her complaints and ultimate decision to uphold the grade were motivated by bad faith or ill will. Disesa argues that the decision to treat her complaint as an academic issue improperly precluded a substantive review of the teaching methods of the course. Disesa appears to argue that a review of the grade is meaningless without a review of the factors that comprised the grade decision. We find no evidence of bad faith or ill will in Dennis and Duvall's actions. The record shows that Dennis and Duvall engaged in a good faith effort to correct the teaching deficiencies by enacting stricter proof-reading requirements and by allowing the retaking of one quiz. Moreover, they offered the course in the fall so that Disesa would not have to wait until spring to graduate. These actions admit of no finding of ill will or bad faith toward Disesa.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.