United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2239
_____

MW Ag, Inc., Richard Field and   *
Clark Field,   *
  *
      Appellants,   *
  *  Appeal from the United
  v.   *  States District Court for
  *  the District of Minnesota.
New Hampshire Insurance Company,   *
  *
      Appellee.   *

_____

Submitted: December 9, 1996

Filed: February 26, 1997
_____

Before BOWMAN and LAY, Circuit Judges, and SMITH,[*] District Judge.
_____

SMITH, District Judge.

Appellants appeal the order of the District Court[2] granting appellee's motion for summary judgment. The facts of the case are not in dispute

Appellee New Hampshire Insurance Company ("New Hampshire") was the property insurer for Clarkfield Drying for the period July, 1991 to July, 1992. In September 1991, Clarkfield Drying filed a

_____

[*] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, sitting by designation.

The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota. The parties consented to jurisdiction before the United States Magistrate Judge pursuant to F.R.C.P. 73.

Chapter 7 bankruptcy petition.  Richard and Clark Field, principals of Clarkfield Drying, leased the drying plant to MW Ag, Inc. Richard and Clark Field are principals of that corporation as well. MW Ag continued to pay the insurance premiums to New Hampshire in order to continue insurance coverage on the property.

On June 16, 1992, a tornado hit the city of Clarkfield, causing extensive damage to the drying plant.  The Chapter 7 bankruptcy trustee instituted adversary proceedings against New Hampshire demanding insurance proceeds for the property damage. New Hampshire paid $453,870.68 into the Bankruptcy Court.  The trustee retained the monies and assigned the bankruptcy estate's remaining rights under the policy to the Fields and MW Ag (collectively "MW Ag").  MW Ag, as assignee of the insurance policy, demanded more money from New Hampshire.  MW Ag, through its attorney, participated in ongoing negotiations with New Hampshire, represented by its attorney Michael Baxter ("Baxter").

Because the insurance policy mandated that a suit under the insurance policy must be brought within two years of the date of the actual loss (the "contractual limitation")[3], when MW Ag's discussions with New Hampshire failed to result in a satisfactory settlement, MW Ag drafted a lawsuit against New Hampshire to collect the monies allegedly due under the contract.  The lawsuit was to be brought in Minnesota state court.  MW Ag called New Hampshire's legal department to inquire as to the name and address of New Hampshire's agent for service of process and was informed that P. Foley was the proper agent for service and was given Foley's address.  Therefore, on June 13, 1994, MW Ag mailed by express mail the complaint and summons to P. Foley.  On June 14,

---

The contract provides:

> No one may bring a legal action against us under this coverage Part C unless:
> 1. There has been full compliance with all of the terms of this coverage part; and
> 2. The action is brought within two years after the date on which the direct physical loss or damage occurred.

1994, MW Ag delivered a copy of the complaint and summons to Baxter and mailed a copy of the complaint and summons to an insurance investigator with the state of Minnesota.

P. Foley was not in fact the agent for service of process for New Hampshire. The proper agent was Elizabeth M. Tuck, who was located, coincidentally, at Foley's same address.

On July 11, 1994, New Hampshire removed the suit to federal court and on July 21, 1994, filed an answer asserting insufficient service of process as a defense. On December 29, 1994, New Hampshire was granted leave to amend its answer and to assert a counterclaim. On November 22, 1995, the district court entered summary judgment in New Hampshire's favor dismissing the case for failing to commence the lawsuit within the two year contractual limitation period.

## STANDARD OF REVIEW

We review a District Court's grant of summary judgment de novo, applying the same standards as the District Court. See Diesa v. St. Louis Community College, 79 F.3d 92, 94 (8th Cir. 1996). Thus, the District Court's decision is affirmed if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## COMMENCEMENT AND SERVICE OF PROCESS

The issue before this court is whether MW Ag's action against New Hampshire was commenced within the two year contractual limitation period by properly serving New Hampshire with process.

Federal courts follow state substantive law to determine when an action is commenced for statute of limitations purposes. Walker v. Armco Steel Corp., 446 U.S. 740, 752-753 (1980). Under Minnesota law an action is "commenced" by service of the summons on a defendant, by acknowledgment of service or by delivery to the sheriff. Minn.R.Civ.P. 3.01. Here, MW Ag contends that its action

3

against New Hampshire was commenced within the two year contractual limitation period because New Hampshire was properly served with the summons and complaint within that time period.

Minnesota Rule of Civil Procedure 4.03 allows for personal service upon a foreign corporation by delivering a copy of the summons and complaint to an agent authorized to receive service of summons. Rule 4.05 allows for service by mailing a copy of the summons and complaint to the person to be served together with a notice and acknowledgment form. The rule specifically provides: "If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual."

First, MW Ag contends that by mailing the summons and complaint to P. Foley, whom MW Ag was led to believe was New Hampshire's registered agent, service was properly effected on June 13, 1994 and the lawsuit was commenced. It is undisputed, however, that P. Foley was not New Hampshire's registered agent for service of process. It is also undisputed that MW Ag did not provide P. Foley with the required acknowledgment form and did not receive an acknowledgment of service from New Hampshire. Thus, it is clear that service is ineffectual under Minnesota's rule. This is true even in those cases where defendant never returned acknowledgment of service but had actual notice of the lawsuit and admitted that it received two summonses and complaints but made a corporate decision not to cooperate in service of process. See Coons v. St. Paul Companies, 486 N.W.2d 771 (Minn. Ct. App. 1992). In these instances, plaintiff must secure personal service to obtain jurisdiction. Thus, the service by mail on P. Foley was not sufficient service of process to commence a suit under Minnesota law.

Second, MW Ag argues that the delivery of a copy of the summons and complaint to Baxter, New Hampshire's attorney, was effective service of process. There is no evidence in the form of an affidavit or otherwise from the delivery service establishing that the summons and complaint were in fact delivered to Baxter on June 14, 1994. Further, there is no support for MW Ag's position

4

that Baxter is an "agent authorized expressly or impliedly . . . to receive service of summons" merely because Baxter negotiated with MW Ag on behalf of New Hampshire.  Finally, although New Hampshire acknowledges that at some time Baxter received a copy of the summons and complaint, such receipt does not constitute actual notice that would obviate the need for sufficient service of process.  Coons v. St. Paul Companies, 486 N.W.2d 771 (Minn. Ct. App. 1992).

Alternatively, MW Ag argues that service of process was sufficient under New York law.  However, CPLR 312-a (1993), which governs service of process in New York state court, is not unlike Minnesota practice which requires the receipt of an acknowledgment of service from the defendant before service by mail is completed. Although an action is commenced in New York upon the filing of the complaint with the court clerk, service by mail is not sufficient until the plaintiff receives and files defendant's acknowledgment of service. CPLR 312-a(b).  Thus, the actions taken by MW Ag to effect service of process on New Hampshire are not sufficient under New York law.


WAIVER


MW Ag contends that the alleged insufficiency of its service of process on New Hampshire was waived by the actions of New Hampshire -- first, when the action was removed by New Hampshire to federal court; second, when New Hampshire filed its answer to the complaint; or third, when New Hampshire filed an amended answer and asserted a counterclaim against MW Ag.

While it is true that New Hampshire's assertion of a counterclaim against MW Ag may have constituted a waiver of the insufficiency of service of process, that waiver occurred in December 1994 - after the critical date of June 16, 1994 (the contractual limitation date).  MW Ag argues that the waiver should relate back to either the date the summons and complaint were mailed to New Hampshire (June 13, 1994) or the date that the summons and complaint were delivered to Baxter (June 14, 1994).

5

This Court agrees with the District Court that where service of process is not effected upon the defendant, but where a defendant waives that defect, an action is commenced for statute of limitations purposes on the date upon which the action resulting in the waiver took place.  In following that rule, all of the actions taken by New Hampshire which MW Ag contends constituted a waiver of insufficient process are irrelevant to this case because all of those actions were taken after June 16, 1994.  Therefore, although any of those actions may have constituted a waiver, the suit brought by MW Ag was not commenced within the contractual limitation period.  As such, summary judgment is appropriate in this case.

Therefore, the decision of the District Court is affirmed.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6