Lola LIDGE, Plaintiff,

v.

**SEARS, ROEBUCK & CO., Defendant.**

No. 03–0024–CV–W–REL.

United States District Court,
W.D. Missouri,
Western Division.

May 18, 2004.

George A. Wheeler, Kansas City, MO, for plaintiff.

Shawn M. Rogers, Baker, Sterchi, Cowden & Rice, Kansas City, MO, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LARSEN, United States Magistrate Judge.

Before the court is defendant's motion for summary judgment on the ground that plaintiff has failed to establish a prima facie case in that she has not provided sufficient evidence supporting a causal relationship between the alleged fall and her alleged damages. I find that (1) plaintiff is required to prove that the defendant's negligence caused the injuries for which she was treated and for which she seeks to recover, (2) plaintiff's injury does not fall within the sudden onset doctrine, and therefore she is required to prove through expert testimony that her injuries were caused by the defendant's negligence, (3) plaintiff has not designated any expert witnesses and has cited no evidence in the record which sufficiently puts into question the expert testimony offered by defendant on the issue of causation, and (4) defendant's expert has unequivocally found that the slip and fall could not have caused the injuries for which plaintiff was treated. Therefore, defendant's motion for summary judgment will be granted.

## I. BACKGROUND

On August 23, 2002, plaintiff filed an action in Jackson County Circuit Court which was later removed to federal court. Plaintiff's complaint alleges that on August 31, 1998, she was a business invitee at the Sears store in Bannister Mall. As plaintiff walked through the children's clothing section, she stepped in a puddle of water and soda on the floor and fell. She alleges that she suffered severe disabling injuries as a result of her fall.

On March 8, 2004, defendant filed a motion for summary judgment arguing that plaintiff had not established a prima facie case. On April 5, 2004, plaintiff filed a response in opposition. Plaintiff's argument on the summary judgment issue states in its entirety as follows:

Plaintiff also alleged in her Petition and it was also [s]upported by discovery in this case that she suffered a slip and fall injury at Defendant, Sears, Roebuck and Company's store at Bannister Mall in

Kansas City, Jackson County, Missouri on August 31, 1998. That as a result of Defendant's negligence, Plaintiff suffered numerous surgeries and medical expenses of more that [sic] $139,000.00. See Plaintiff's Affidavit attached hereto by reference, incorporated herein and made a part hereof.

Plaintiff has shown through discovery that even though a casual [sic] connection need not be shown, she has shown that her numerous knee surgeries were necessary due to the negligence of Defendant. "Plaintiff's evidence need not exclude all causes for which Defendant would not be liable in order to recover, as it is sufficient if there is substantial evidence from which the jury may find that negligence was the proximate cause, anything beyond that being a matter of defense." *Swanson v. Godwin*, 327 S.W.2d 903, 910(5) (Mo.1959). In some cases, expert testimony was obviously not necessary on the issue of causation. *Fellows v. Farmer*, 379 S.W.2d 842 (Mo.App. S.D.1964).

Plaintiff attached to her response her own affidavit stating that her insurance company has paid over $139,000 for medical services rendered after August 31, 1998. There are no other exhibits in support of plaintiff's response.

On April 29, 2004, defendant filed a reply arguing that plaintiff incorrectly stated that causation need not be shown.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c), Federal Rules of Civil Procedure, permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The key to determining whether summary judgment is proper is ascertaining whether there exists a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. *American Academy of Family Physicians v. United States*, 75 A.F.T.R.2d 95-1709 (W.D.Mo.1995), *aff'd* 91 F.3d 1155 (8th Cir.1996). The party moving for summary judgment has the burden of proving that these requirements for summary judgment have been met. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

In a summary judgment analysis, a court must first consider whether there are any issues of fact. If the only issues are issues of law, then summary judgment is appropriate. *Disesa v. St. Louis Community College*, 79 F.3d 92, 94 (8th Cir. 1996). If issues of fact are raised, a court must consider whether these issues are material to the outcome of the case. Materiality is identified by the substantive law that is to be applied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505. Factual disputes that are collateral to the substantive law will not preclude summary judgment. *Id.*

In addition to the requirement that a dispute of fact be material, the dispute must also be genuine. A dispute of fact is considered genuine if the non-moving party has produced sufficient evidence such that a reasonable jury could return a verdict for that party. *Id.* at 249, 106 S.Ct. 2505. When considering a motion for summary judgment, the court must believe the evidence of the non-movant, and all justifiable inferences are to be drawn in that

party's favor. *Id.* at 255, 106 S.Ct. 2505. If the evidence submitted by the non-moving party is merely colorable or is not significantly probative, then summary judgment may be granted. *Id.* at 249–250, 106 S.Ct. 2505.

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. If the moving party meets the requirement, the burden shifts to the non-moving party who must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 474 U.S. at 248, 106 S.Ct. 610. The trial judge then determines whether a trial is needed—"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 610.

### III. UNCONTROVERTED FACTS

Below, typed in bold, are the facts I find to be uncontroverted by the record before me. Several paragraphs offered by defendant as uncontroverted are not included here as they were offered in support of defendant's motion to strike which has already been ruled.

1. **On or about August 23, 2002, plaintiff Lola Lidge filed her petition for damages against Sears.**

Plaintiff admitted this paragraph.

2. **In her petition, plaintiff brings a premises liability action alleging she sustained injuries when she allegedly fell at the Sears Bannister Mall location in Kansas City, Missouri.**

Plaintiff admitted this paragraph.

3. **Plaintiff alleges she slipped and fell, and consequently sustained injury to her right knee on August 31, 1998 when she was purportedly attempting to shop for clothing for her grandchildren. Significantly, plaintiff had several arthroscopic surgeries on her right knee between 1994 and August 30, 1998, prior to this alleged incident.**

Plaintiff denies this paragraph; however, she fails to point to any evidence contradicting this fact. Defendant cites plaintiff's deposition testimony establishing that she had three arthroscopic surgeries on her right knee between 1994 and August 30, 1998.

Federal Rule of Civil Procedure 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Defendant cited plaintiff's sworn testimony to establish this fact. Plaintiff's mere denial without any support in the record is insufficient to find that this fact is controverted.

16. **On February 20, 2004, Sears filed its Rule 26(a)(2) disclosures.**

Plaintiff admits this paragraph.

17. **As part of its Rule 26(a)(2) disclosure, Sears disclosed board certified orthopedic surgeon Dr. Robert Murphy's expert report. Dr. Murphy reviewed the medical reports, x-rays, and depositions and opined that plaintiff's disability and surgical procedures were not and could**

not have been caused by the alleged fall in August of 1998 but were the consequence of significant degenerative joint disease primarily in the medial compartment of the right knee, "clearly the result of longstanding and repetitive trauma."

Plaintiff denies this paragraph; however, she fails to point to any evidence contradicting this fact. Defendant cites the expert report of Dr. Robert Murphy which states that the alleged fall could not have been responsible for the degenerative change in plaintiff's knee and the subsequent need for a total knee arthroplasty.

Rule 56(e) states that when a motion for summary judgment is supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must "by affidavits or as otherwise provided in this rule," set forth specific facts showing that there is a genuine issue for trial. Defendant cited Dr. Murphy's expert report to establish this fact. Plaintiff's mere denial without any support in the record is insufficient to find that this fact is controverted.

18. **Generally, Dr. Murphy's expert medical opinion is based on an abundant history of trouble, pain, disability, surgical procedures, and advancing degenerative change affecting plaintiff's right knee.**

Plaintiff denies this paragraph; however, she fails to point to any evidence contradicting this fact. Defendant cites the expert report of Dr. Robert Murphy which states that shortly after plaintiff's alleged fall at Sears, her treating physician found no effusion or any sense of instability, but her x-rays demonstrated "rather marked degenerative arthritis". The report specifically states that prior to the alleged fall "there was already an abundant history of trouble, pain, disability, surgical procedures and advancing degenerative change

affecting the right knee." Dr. Murphy relied in part on plaintiff's own deposition testimony stating that she had pain and trouble with that knee since 1994 or 1995 and had previously had three surgical procedures on that knee.

Rule 56(e) states that when a motion for summary judgment is supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must "by affidavits or as otherwise provided in this rule," set forth specific facts showing that there is a genuine issue for trial. Defendant cited Dr. Murphy's expert report to establish this fact. Plaintiff's mere denial without any support in the record is insufficient to find that this fact is controverted.

22. **Plaintiff alleges to have suffered psychological injury as a result of the accident.**

Plaintiff admits this paragraph.

## IV. CAUSAL RELATIONSHIP

Defendant argues that plaintiff cannot establish that defendant's action was the proximate cause of the injuries for which she was treated after August 31, 1998.

The mere fact that injury follows negligence does not necessarily create liability. Rather, the plaintiff has the burden of proving a causal connection between the alleged negligence and the injury. *Oldaker v. Peters,* 869 S.W.2d 94 (Mo.Ct.App. 1993). When the plaintiff fails to prove a causal connection between the defendant's alleged negligence and plaintiff's injuries, the plaintiff may not recover damages. *Stroot v. Taco Bell Corp.,* 972 S.W.2d 447, 449 (Mo.Ct.App.1998), *citing Vann v. Town Topic, Inc.,* 780 S.W.2d 659, 661, 662 (Mo.Ct.App.1989). *See also Paull v. Shop 'N Save Warehouse Foods,* 890 S.W.2d 401, 403 (Mo.Ct.App.1995) (explain-

ing that "[a]ctionable negligence requires a causal connection between defendant's conduct and the resulting injury to the plaintiff").

Missouri Approved Instruction 22.03 sets out the elements that plaintiff must prove in order to establish a prima facie case of negligence. Those elements are:

1. There was water and soda on the floor of defendant's store and as a result the floor was not reasonably safe.

2. Defendant knew or by using ordinary care could have known of this condition.

3. Defendant failed to use ordinary care to remove it or warn of it.

4. As a direct result of such failure, plaintiff sustained damage.

*See also Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo.Ct.App. 2000); *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo.Ct.App. 1996).

The language "as a direct result" in the fourth element of the instruction requires that plaintiff prove the defendant's negligence caused her damage.

■ It is well settled in Missouri that a plaintiff has the burden of establishing that the negligent act done by the defendant *caused* the plaintiff's injury. *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo.Ct.App.2000); *Williams v. Jacobs*, 972 S.W.2d 334 (Mo.Ct.App.1998); *Almon v. Black*, 611 S.W.2d 368 (Mo.Ct. App.1981). Yet, plaintiff states in her response that a causal connection need not be shown. Plaintiff cites *Swanson v. Godwin*, 327 S.W.2d 903 (Mo.1959), in support of that argument. In *Swanson*, the plaintiff was walking in a very dark parking area in front of a car and was unable to see a ten-inch-high wall. The plaintiff tripped over the wall. The defendant argued that the plaintiff had failed to establish that the inadequate light caused the plaintiff to fall over the wall. Rather, the defendant argued that the plaintiff could have merely lost his balance, become dizzy, or passed out, causing him to fall over the wall. The court rejected that argument, finding that those explanations for the fall would require a greater degree of speculation than inferring that the inadequate lighting was the cause.

No prior ill health of plaintiff was even intimated in the evidence.... Here plaintiff, a stranger, tried to walk in front of the car parked at an angle as required; there was a condition of almost total darkness; the wall projected up for a distance (10 inches) likely to trip one who did not see it; the car was parked at such an angle to the wall as to permit plaintiff to get in front of the car at its right corner, but to stop him as he proceeded, unless he knew of the wall and stepped upon it. Under those circumstances, the submitted issue of causation (inadequate lighting) was justified not only by a permissible inference, but in our opinion by the most logical inference.

*Id.* at 909.

The *Swanson* holding does not permit a plaintiff to collect from a defendant money for medical bills without establishing that the defendant's negligence caused those medical injuries. Rather, the point of the *Swanson* holding was that causation was established because there was no other logical cause for the plaintiff's fall.

I find that the well-settled law in Missouri requires plaintiff to establish that the defendant's negligence caused the medical problems which resulted in the $139,000 worth of medical bills for which plaintiff seeks to recover.

### V. EXPERT VERSUS LAY TESTIMONY

■ Defendant argues that because plaintiff has no expert witnesses, she is

unable to establish the required element of causation. Plaintiff argues that she has shown through discovery that her numerous knee surgeries were necessary due to the negligence of defendant. In support of her argument that she need not utilize expert testimony on this issue, plaintiff cites *Fellows v. Farmer*, 379 S.W.2d 842 (Mo.App.1964).

Plaintiff's burden of proof requires her to show by substantial evidence that she was injured and that a causal connection exists between that injury and the accident. *Williams v. Jacobs*, 972 S.W.2d 334, 340 (Mo.Ct.App.1998), *citing Almon v. Black*, 611 S.W.2d 368, 370 (Mo.Ct.App. 1981). "Both these elements must be satisfied before recovery may be made for damages such as medical expenses and bills." *Id.*

▌▌ It is not always essential to have medical testimony, as a causal connection between an accident and injury can be inferred in cases where there is a visible injury, or a sudden onset of an injury, or any injury that as a matter of common knowledge follows the act. *Williams v. Jacobs*, 972 S.W.2d at 340; *Harris v. Washington*, 654 S.W.2d 303, 306 (Mo.App. 1983). A visible injury is one in which there is evidence of an obvious wound, such as a cut, bruise, or immediate bleeding. *Williams v. Jacobs*, 972 S.W.2d at 340.

▌▌ Under the sudden onset doctrine, a causal connection may be inferred if the injury "develops coincidentally with the negligent act, such as broken bones...,  immediate, continuing back pain..., or an obvious wound..." *Id., quoting DeMoulin v. Kissir*, 446 S.W.2d 162, 165 (Mo.Ct.App. 1969). The testimony of a lay witness is sufficient to establish the nature, cause and extent of an injury "when the facts fall within the realm of lay understanding." *Williams v. Jacobs*, 972 S.W.2d at 340;

*Griggs v. A.B. Chance Company*, 503 S.W.2d 697, 704 (Mo.Ct.App.1973).

▌ However, when the injury is a "sophisticated injury, which requires surgical intervention or other highly scientific technique for diagnosis, and particularly where there is a serious question of pre-existing disability and its extent, the proof of causation is not within the realm of lay understanding." *Williams v. Jacobs*, 972 S.W.2d at 340; *quoting Griggs v. A.B. Chance Co.*, 503 S.W.2d at 704. *See also Super v. White*, 18 S.W.3d 511, 516 (Mo.Ct. App.2000); *Soper v. Bopp*, 990 S.W.2d 147, 157 (Mo.Ct.App.1999). Evidence of medical expenses and subjective complaints of pain will not suffice in proving the existence or nature of an alleged injury which is not readily discernable. *Pihsiou Hsu v. Mound City Yellow Cab Co.*, 624 S.W.2d 61, 63 (Mo.Ct.App.1981).

In *Williams v. Jacobs*, 972 S.W.2d 334 (Mo.Ct.App.1998), the plaintiff's car was "tapped" by the defendant's car. The defendant's car was traveling at 1 to 2 miles per hour. Ms. Williams stated at the accident site that she was fine. The impact caused a quarter-sized ding in the rear bumper of Ms. Williams's car. Ms. Williams later filed a lawsuit claiming that Ms. Jacobs had negligently collided with Ms. Williams's car.

After a defense verdict, Ms. Williams appealed and argued that the trial court improperly refused to admit evidence of treatment by two doctors after the accident. The court refused to admit this evidence because Ms. Williams had failed to establish a proper foundation that the claimed injuries were caused by the accident and that the treatment was medically necessary as a result of the accident. Three years before this accident, Ms. Williams had been involved in another accident during which she injured her shoulder and neck. She testified that she did

not hurt her neck during the collision with Ms. Jacobs. The two doctors treated Ms. Williams for neck problems after the second accident.

The court found that because Ms. Williams did not have a visible injury after the accident with Ms. Jacobs, and because her injury was a sophisticated injury which required surgical intervention or other highly scientific technique for diagnosis, and because there was a serious question of pre-existing disability from the earlier accident, causation was not within the realm of lay understanding. Ms. Williams failed to establish that her neck injury was caused by the collision with Ms. Jacobs; therefore, the medical records of the two doctors who treated her neck problems after the collision with Ms. Jacobs were properly excluded.

Conversely, in *Jones v. Trittler*, 983 S.W.2d 165 (Mo.Ct.App.1998), the plaintiff, a passenger in a boat, sued the boat operator for injuries sustained when she was struck by a hook and tow rope that released from a personal water craft (also known as a Jetski or Sea–Doo) being towed by the boat. The plaintiff and another passenger in the boat testified that there were no complications when the boat was traveling at lower speeds, but when the driver sped up to 25 to 30 miles per hour, the water craft veered between the right and left wakes of the boat and rolled on its side. When the defendant reduced the speed of the boat, the water craft righted itself in the water. As the driver sped up again to 25 to 30 miles per hour, the water craft again rolled onto its side, its line was taut and its nose submerged. The hook and tow line released from the water craft and shot forward into the boat striking the plaintiff on the arm and head, fracturing her skull and wounding her arm.

The defendant argued that plaintiff failed to establish causation because she did not have expert testimony to show that the speed of the boat would cause the J-hook to straighten and the tow rope to snap. The court disagreed:

Jurors are competent to decide issues of everyday experience without resorting to expert testimony. Jones and Enderle testified Trittler had no difficulty in towing the Sea Doo at a low speed. Jones and Enderle also testified the Sea Doo veered back and forth when the boat traveled 25 to 30 miles per hour, and the Sea Doo stabilized when Trittler slowed down. Jones and Enderle further testified that Trittler again increased the boat speed to 25 to 30 miles per hour, the Sea Doo rolled onto its side, partially submerged and the J-hook and tow line snapped forward striking Jones's left arm and head. A juror could reasonably infer that towing a submerged Sea Doo at 25 to 30 miles per hour would place substantially more resistance on the J-hook than towing the same Sea Doo stabilized on the surface of the water. An expert is not required because there is sufficient evidence for a jury to reasonably infer that "but for" Trittler's excessive speed under the circumstances, the J-hook would not have straightened under the heightened resistance and Jones's injuries would not have occurred.

*Id.* at 167.

Similarly, in *Crawford v. Shop 'N Save Warehouse Foods, Inc.*, 91 S.W.3d 646 (Mo.Ct.App.2002), a shopper was pushing her little brother in a grocery cart from the store to the parking lot when the wheel of the cart got caught in a drainage grate. The cart suddenly stopped, the girl's momentum carried her forward causing her to hit the stationary shopping cart which began to tip over. She caught the cart from completely overturning, but her brother who was sitting in the cart began

to scream. He was diagnosed with a fractured femur. The court held that the sudden onset doctrine applied as one of the most obvious cases of causation is when a person suffers a broken bone or an open wound immediately after an accident. 91 S.W.3d at 652.

The case cited by plaintiff, *Fellows v. Farmer,* 379 S.W.2d 842 (Mo.Ct.App.1964), does not support her argument. Rather, it is completely consistent with the cases discussed above. In *Fellows,* the plaintiff's husband was a passenger in an automobile which was found after it had crashed into a concrete wall, traveling at sufficient speed to hurtle through space for some fifty feet. The state trooper who discovered the wrecked car described the injuries to the plaintiff's husband as "a crushed head". The defendant argued that expert testimony was necessary to establish that the accident caused the injuries. The court rejected that argument and held that the jury could reasonably infer that the man's head had not been crushed before the "murderous impact of steel against concrete", and that his head being crushed in that impact is what caused his death. *Id.* at 851.

In this case, plaintiff had no obvious injury after her slip and fall. Rather, her injuries were diagnosed using highly scientific techniques and her damages were the result of surgical intervention. In this case too, there is a serious question of pre-existing disability since the evidence establishes that plaintiff had several surgeries on her right knee prior to the August 31, 1998, slip and fall. Therefore, the sudden onset doctrine does not apply, and plaintiff is required to show through expert testimony that her injuries were caused by the alleged fall in the Sears store.

■ As argued by defendant, plaintiff has not and cannot establish through expert testimony that her medical injuries were caused by the fall. Plaintiff has designated no expert witnesses and has defended this motion for summary judgment with nothing more than her own affidavit. An affidavit by the plaintiff, standing alone, is insufficient to withstand a properly-supported motion for summary judgment. *Flannery v. Trans World Airlines, Inc.,* 160 F.3d 425, 428 (8th Cir.1998); *Helfter v. United Parcel Service, Inc.,* 115 F.3d 613, 616 (8th Cir.1997).

Defendant has supported each proposed uncontroverted fact with admissible evidence, and defendant's expert stated with certainty that the medical problems suffered by plaintiff could not have been caused by the alleged fall. *See Super v. White,* 18 S.W.3d 511, 516 (Mo.Ct.App. 2000) (when a party relies on expert testimony to provide evidence as to causation, that testimony must be given to a reasonable degree of certainty). Plaintiff has offered no evidence to defend against this properly supported motion for summary judgment. Therefore, based on all of the above, I find that plaintiff has not established the required element of causation and cannot, without expert testimony, establish that her fall in defendant's store caused the injuries for which she seeks to recover.

## VI. CONCLUSION

Based on the above findings of undisputed facts and the law as discussed in sections IV and V, I find that there is no genuine issue of material fact and that defendant is entitled to summary judgment. Specifically, I make the following conclusions of law:

1. Plaintiff is required to prove that the defendant's negligence caused the injuries for which she was treated and for which she seeks to recover.

2. Plaintiff's injury does not fall within the sudden onset doctrine, and therefore she is required to prove through expert

testimony that her injuries were caused by the defendant's negligence.

3. Plaintiff has not designated any expert witnesses and has cited no evidence in the record which sufficiently puts into question the expert testimony offered by defendant on the issue of causation.

4. Defendant's expert has unequivocally found that the slip and fall could not have caused the injuries for which plaintiff was treated.

Therefore, it is

ORDERED that defendant's motion for summary judgment is granted.