**Don B. FULLER, Appellant,**

v.

**The SECRETARY OF DEFENSE OF the UNITED STATES; The Secretary of the Navy; The Commandant of the United States Marine Corps; The Director, Marine Corps Reserve Support Center; The Commanding General, Fourth Marine Division, United States Marine Corps, Appellees.**

**No. 93–2791.**

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1994.

Decided July 18, 1994.

during the court proceedings regarding the stalking incident. Eventually, a Board of Inquiry (the Board) convened to determine whether Fuller should be separated from the Reserves. Two possible bases for separation were considered: misconduct related to the stalking incident and substandard performance of duty as evidenced by Fuller's demonstration of poor leadership qualities. A hearing was held that was attended by Fuller and his military counsel.

Don B. Fuller, Minneapolis, MN, argued, for appellant.

Douglas Ross, Washington, DC, argued (Frank W. Hunger, Francis X. Hermann, Anthony J. Steinmeyer and Douglas Ross of Washington, D.C., and Lt. Karen Gibbs Ernst of Alexandria, VA, on the brief), for appellees.

Before MAGILL, Circuit Judge, FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.

MAGILL, Circuit Judge.

Don B. Fuller appeals from the district court's [1] order dismissing his complaint, denying his motion for leave to amend the complaint, and denying his motion for Rule 11 [2] sanctions. We affirm.[3]

## I. BACKGROUND

Fuller filed suit in district court to obtain review of an administrative decision to separate him from the United States Marine Corps Reserves (the Reserves). Fuller entered the Reserves upon retirement from the United States Marine Corps. A practicing attorney, Fuller eventually rose to the rank of colonel.

In 1990, the Defense Investigative Service (DIS) learned that a state court had issued a restraining order preventing Fuller from harassing his former girlfriend who accused him of stalking her. In the course of its investigation, DIS also discovered that Fuller may have engaged in unprofessional behavior

After consideration of both parties' evidence and arguments, the Board found that the evidence supported a finding of misconduct and substandard performance. The Board recommended that Fuller be retired from the Reserves at the inferior grade of lieutenant colonel. In February 1992, the Secretary of the Navy approved the recommendation, noting that Fuller lacked sufficient time as a full colonel to retire in that grade.

In March of 1992, this action was commenced by Fuller against the United States Secretary of the Defense, the Secretary of the Navy, the Commandant of the Marine Corps, the Director of the Marine Corps Reserve Center, and the Commanding General of the 4th Marine Division of the United States Marine Corps (collectively, the defendants). Fuller, alleging that the Board hearing did not afford him due process, requested the district court to (1) enjoin the enforcement of and set aside the retirement decision, (2) restore him to his former status, (3) expunge from his military records references to the stalking incident and the DIS investigation, (4) order the defendants to provide him with precise standards of leadership, and (5) order a new hearing.

Pending evaluation for physical or mental disability by a Physical Evaluation Board (PEB), the defendants agreed to refrain from separating Fuller from the Reserves. Ultimately, the PEB found that Fuller was physically qualified for service and thus ineligible for a preferable medical retirement. Fuller

---

1. The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota.

2. Federal Rule of Civil Procedure 11.

3. We grant Fuller's motions to supplement the record.

moved for an injunction preventing his separation from the Reserves. The district court issued a thirty-day stay, pending its decision on Fuller's motion for injunctive relief. In March 1993, injunctive relief was denied. Fuller retired on April 1, 1993.

After Fuller's retirement, the defendants moved to dismiss the complaint. Fuller, in turn, moved to file an amended complaint and requested the imposition of Rule 11 sanctions against the prosecuting attorney and an attorney from the Judge Advocate General's Corps (JAG). The district court granted the motion to dismiss the complaint and denied Fuller's motions. Fuller timely appealed.

## III. DISCUSSION

### A. The Motion to Dismiss

The district court granted the defendants' motion to dismiss. The district court based its dismissal on (1) Fuller's failure to bring his retirement and expungement claims before the Board of Correction for Military Records (BCMR) and (2) the defendants' immunity from suit because they were sued in their official capacity. Fuller conceded that the original complaint was subject to dismissal for the reasons cited by the district court, and hence he did not oppose the motion to dismiss the complaint. Rather, he filed a motion for leave to amend the complaint. Because Fuller did not oppose the motion to dismiss the complaint, we decline to review this claim.[4]

### B. The Motion to Amend the Complaint

 We review the denial of a motion for leave to amend a complaint for an abuse of discretion. Brown v. Wallace, 957 F.2d 564, 565 (8th Cir.1992). Because defendants had already filed their answer to the original complaint at the time the motion was filed, Fuller may only amend the complaint by leave of court. See Fed.R.Civ.P. 15(a). "[L]eave shall be freely given when justice so requires." Id. Leave to amend should be granted absent a good reason for the denial,

such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility. Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir.1989).

Fuller filed a ninety-five-page proposed amended complaint (Amended Complaint). Raising eighteen counts, the Amended Complaint dismissed claims against the Commandant of the Marine Corps, the Director of the Marine Corps Reserve Support Center, and the Commanding General of the 4th Marine Division, and sought to add as defendants, Richard Cheney, H. Lawrence Garrett III, Robert J. Turay, Robert Simpson, Lee R. Sampson, Lee Olson, D.L. Haurilick, Robert Small, Alicia Connolly, and the United States of America.

The Amended Complaint brought Bivens actions against five DIS agents. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971) (authorizing suits for damages against federal officials based upon a deprivation of constitutional rights). It also brought Bivens actions against Richard Cheney, the former Secretary of Defense, for failing to supervise and train DIS agents, and against H. Lawrence Garrett III, the former Secretary of the Navy, for failing to adequately train and supervise Navy and Marine personnel. Fuller further claimed that Assistant United States Attorney Robert Small and JAG attorney Alicia Connolly violated his constitutional rights by submitting false and misleading documents in this action. Fuller sought monetary relief from all individual defendants. Finally, Fuller reasserted his earlier claim that the Board hearing violated his right to due process of law and sought reinstatement to his former rank of full colonel.

The district court denied Fuller's motion for leave to amend the complaint, finding that Fuller's retirement claim still had not been brought before the BCMR and that the Bivens claims were futile under the Feres doctrine, see Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950) (the United States is immune from

---

4. We note in addition that the initial claim for relief raised by Fuller in his complaint—the request for an injunction preventing his retire-ment—is now moot as a result of Fuller's retirement from the reserves on April 1, 1993.

tort liability for injuries arising out of and in the course of military service). *See generally Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). In addition, the district court found that Fuller's attempt to add multiple new defendants and claims substantially changed the focus of the action and was thus confusing and inefficient.

 We hold the district court did not abuse its discretion when it denied Fuller's motion for leave to amend the complaint. Fuller's Amended Complaint sought to add ten additional defendants and substantially different claims arising from fundamentally different facts. Fuller sought to expand his claims from those seeking relief from the decision to retire him as a lieutenant colonel to one asserting significant constitutional claims against various government officials. Justice does not require a district court to allow a defendant to alter his complaint in such a manner. *See Brown*, 957 F.2d at 566; *Weigand v. Afton View Apartments*, 473 F.2d 545, 549 (8th Cir.1973); *accord Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 859–60 (11th Cir.1982).[5]

As to the due process claim, we hold the district court did not abuse its discretion because such an amendment would have been futile. Fuller's claim seeks judicial relief for a discretionary, and hence unreviewable, decision of the Secretary of the Navy. *See Wood v. United States*, 968 F.2d 738, 739–40 (8th Cir.1992). Had Fuller brought this claim before the BCMR, such "decisions are subject to judicial review and can be set aside if they are arbitrary and capricious, or not based on substantial evidence." *See Chappell*, 462 U.S. at 303, 103 S.Ct. at 2367. The district court properly dismissed the motion for leave to amend this claim because it is a "nonjusticiable claim[ ] involving the military structure." *Wood*, 968 F.2d at 739.

We find no merit to Fuller's motion for Rule 11 sanctions against Small and Connolly.

5. We, consequently, need not review the district court's findings regarding Fuller's constitutional claims for damages.

## III. CONCLUSION

We affirm the order of the district court dismissing Fuller's complaint, denying him leave to amend the complaint, and denying Rule 11 sanctions.