# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-1550

———————

Brian Anthony Crowley, Sr.,  \*
 \*
       Appellant,  \*
 \*
  v.  \* Appeal from the United States
 \* District Court for the
Paul Hedgepeth; John Emmett;  \* Southern District of Iowa.
Unknown/Unnamed Defendants,  \*
 \*
       Appellees,  \*
 \*
Houn, also known as Chip, sued  \*
as Mr. Houn; Lester Houn,  \*
 \*
       Defendants.  \*

———————

Submitted:  December 9, 1996

Filed:  March 28, 1997

———————

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

———————

MAGILL, Circuit Judge.

Brian Crowley, Sr. brought this 42 U.S.C. § 1983 (1994) action against Paul Hedgepeth and John Emmett for allegedly violating Crowley's Eighth Amendment rights by delaying the provision of sunglasses to Crowley. The district court[1] granted summary judgment against Crowley, holding that the defendants were not

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

deliberately indifferent to Crowley's serious medical needs.  We affirm.

**I.**

Crowley, an inmate at Iowa State Penitentiary (ISP), suffers from sickle cell anemia and photophobia.  During his confinement at ISP, Crowley complained of eye pain and sensitivity to light.  On February 10, 1993, Dr. Patrick Brady, Crowley's physician, wrote on Crowley's medical chart a "Non-Medicinal order for inmate's own personal property Rx Tinted Eyeglasses x 1 mo."  Ex. 7 at 34, reprinted in J.A. at 125.  Deputy Warden Paul Hedgepeth and Security Director John Emmett delayed acting on this order based on the ISP policy that sunglasses may not be possessed by an inmate unless there is a clear medical necessity.

On March 11, 1993, Crowley underwent eye surgery at the University of Iowa.  Following his surgery, Crowley's University of Iowa physicians prescribed tinted lenses and requested that plastic tinted lenses be used until Crowley was fitted with permanent lenses.  On March 31, 1993, Dr. Brady ordered temporary plastic tinted sunglasses for two weeks, but also noted in Crowley's medical record that "No clear medical need for tinted eyeglasses was delineated."  Ex. 7 at 22, reprinted in J.A. at 113.  In April 1993, the prescription for tinted lenses was filled.  For protection, not to relieve light sensitivity, Crowley was also issued an eye patch after his surgery.  In a deposition, Dr. Brady stated that the provision of sunglasses was "certainly not crucial to" Crowley's treatment and that "whether or not he had the sunglasses certainly caused no further damage or less damage to his eye."  Dep. of Brady at 68, reprinted in J.A. at 247.

On September 28, 1993, Crowley brought suit against Hedgepeth and Emmett.  Crowley alleged that the defendant's deliberate

indifference to his medical needs violated the Eighth Amendment. On December 13, 1995, the district court granted defendant's motion for summary judgment. Crowley appeals.

## II.

We review de novo the district court's grant of summary judgment. See Disesa v. St. Louis Community College, 79 F.3d 92, 94 (8th Cir. 1996). "We will affirm the decision if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Zakrzewski v. Fox, 87 F.3d 1011, 1012 (8th Cir. 1996) (citing Fed. R. Civ. P. 56(c); Landreth v. First Nat'l Bank of Cleburne County, 45 F.3d 267, 268 (8th Cir. 1995)). As the Supreme Court has stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Crowley argues that Hedgepeth and Emmett violated his Eighth Amendment right to be free from cruel and unusual punishment by delaying the provision of sunglasses. For Crowley to succeed, he must establish the following requirements:

> First, the deprivation alleged must be, objectively, sufficiently serious. Second, a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health and safety.

Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (quotations and citations omitted).

We have held that, "when the inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured 'by reference to the <u>effect</u> of delay in treatment.'" <u>Id</u> (quoting <u>Hill v. Dekalb Regional Youth Detention Ctr.</u>, 40 F.3d 1176, 1188 (11th Cir. 1994) (emphasis in <u>Hill</u>)). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." <u>Hill</u>, 40 F.3d at 1188 (footnote omitted).

Here, we find that Crowley has failed to submit verifying medical evidence that delay in the provision of sunglasses had any adverse affect on his prognosis. To the contrary, "whether or not he had the sunglasses certainly caused no further damage or less damage to his eye." Dep. of Brady at 68, <u>reprinted in</u> J.A. at 247. Because Crowley failed to make a showing sufficient to establish an essential element of his Eighth Amendment claim, the district court properly granted summary judgment against him.

### III.

Accordingly, the judgment of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.