**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2701

_____

Edward Allen Moore,                     *
                                        *
          Appellant,                    *
                                        *
     v.                                 *   Appeal from the United States
                                        *   District Court for the Western
Ernest-Jackson, D.D.S.; James           *   District of Missouri.
Keith, M.D.; Randee Kaiser;             *
Karen Cornell; Ralf Salke;              *      [PUBLISHED]
Gerald Bommel; Steve Long;              *
John Sydow; Judy P. Draper;             *
Dora Schriro; William Wade, M.D.;       *
Richard Washington; David Dormire;      *
Michael Groose; ARA Services,           *
doing business as Correctional          *
Medical Systems,                        *
                                        *
          Appellees.                    *

_____

Submitted:  March 24, 1997
   Filed:  August 22, 1997

_____

Before BOWMAN, BRIGHT and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Appellant Edward Allen Moore, an inmate in Missouri, filed a pro se § 1983 action against several defendants for deliberate indifference to his serious dental needs. The district court dismissed ten defendants pursuant to Fed.R.Civ.P. 4(m) (Time Limit for Service), then granted the remaining defendants summary judgment. Moore challenges these dismissals. He also asserts the district court erred by denying his motion to file an amended complaint as well as his motion for sanctions. Finally, Moore contends there is no final order regarding his medical malpractice claim and third party contract claim. We affirm in part and reverse in part.

## BACKGROUND

Correctional Medical Services (CMS) provides medical services for the Missouri penitentiary system through a contract with the Department of Corrections. On May 4, 1994, Moore submitted an Internal Resolution Request (IRR) seeking medical services and claiming that he "submitted a Medical Services Request a week ago and . . . still have not received any medical services." Dist. Ct. Doc. (DCD) #55, Exh. 4, at 5. On June 7, Moore submitted an Inmate Grievance in which he stated: "I submitted a request for medical services the last week of April 1994 and I still have not received any medical services. . . . I request health services from a qualified health service professional." Id., Exh. 2, at 3. The parties dispute whether Moore filed the referenced earlier Medical Service Request (MSR) complaining of dental problems. Moore did not detail his specific medical need in this document, or any other document mentioned here, until August 25.

On June 8, appellee Ralf Salke, Regional Administrator for CMS, responded to Moore's IRR of May 4 and advised Moore to submit his MSR directly to Cornell. DCD #55, Exh. 4, at 2. On July 15, appellee Karen Cornell, Administrator at Jefferson City Correctional Center, responded to Moore's June 7 Grievance with a letter stating that she did not locate an MSR filed by Moore in April. DCD #33, Exh. A-8. Cornell then advised Moore to "submit an MSR and discuss it with the nurse." Id.

On July 14, Moore wrote to Steve Long, Assistant Director of the Missouri Department of Corrections, and detailed his efforts to obtain medical treatment. DCD #44, Exh. M. That letter eventually forwarded to Salke.

On July 15, Moore filed an Inmate Grievance Appeal. DCD #44, Exh. J. Again, he detailed his attempts to receive medical treatment.

On August 2, Salke wrote a letter to Moore regarding his IRRs and Grievances. DCD #44, Exh. J at 2. Salke again advised Moore that "if you feel you are in need of medical services and your MSR is not being forwarded accordingly, please direct it to Karen Cornell, . . . so she may arrange to see you within the Health Care Unit." Id. Salke copied this letter to Cornell and Appellee Dr. James Keith. Salke wrote Moore another letter on August 3 regarding Moore's letter to Long. DCD #44, Exh. P.

On August 11, Moore submitted another Inmate Grievance Appeal in which he stated: "I submitted a Medical Service Request (MSR) the last week of April 1994. I have since submitted other MSR's, an IRR, an Inmate Grievance, an Inmate Grievance Appeal, and I have written Mr. Steve Long. . . . To this day I have not been afforded access to health services." DCD #44, Exh. K. The Department Director Response from Judy Draper states that "[w]hile it is possible that occasionally an MSR is misplaced, I do not find this is a trend or that it occurs frequently." Id.

On August 19, 22 and 25, Moore submitted MSRs complaining of a toothache. DCD #33, Exhs. A-2, A-3, A-4. Moore asserts he also sent a letter to Cornell on August 25 complaining that MSRs were being discarded, thereby preventing him from getting treatment for an infected tooth causing him tremendous pain. Moore provides a copy of that letter. DCD #44, Exh. L. Cornell, however, denies receiving that letter and states she was "not personally aware of Mr. Moore's dental problems in the summer or fall of 1994." DCD #33, Exh. B, at 2. There was no response to this letter.

At 7:00 p.m. on August 26, Moore submitted a more detailed MSR which stated: "infected tooth, swelling to face/neck, fever, discharge eye & nose, intense pain." DCD #33, Exh. A-5. A nurse examined Moore later that evening after Moore persuaded a prison guard to summon medical help. The nurse made the following notations under "Nursing Assessment": "S) Tooth died back in June, started hurting back in April. Infection started about 3 wks ago. Had MSRs, Grievances, etc. to see medical." DCD #33, Exh. A-5. The nurse noted that Moore complained of "severe pain" and that he had not been seen for this problem. Id. She observed swelling of the jaw, provided Tylenol for pain relief, and referred Moore to dental. Id. Appellee Dr. Ernest Jackson, a dentist, stated that "those symptoms were indicative of the tooth being inflamed with a possible infection in the pulp of the tooth. Once a tooth has infection in the pulp it is almost always rendered non restorable." DCD #33, Exh. A, at 3.

The next morning, Moore filed another MSR complaining of "intense pain," "swelling" and "discharge." Id. at Exh. A-6. There was no response. Moore eventually filed suit on November 4, 1994, and included the names and addresses of all the defendants in his complaint. A dental appointment was then made for him on December 2. On that date, Jackson extracted Moore's #14 tooth due to irreversible pulpitis.

After Moore filed suit, appellees moved for summary judgment. Moore's request to amend his complaint was denied. On February 27, 1996, United States Magistrate Judge William A. Knox recommended granting appellees Jackson's and Keith's motions for summary judgment, but denying appellees Salke's, Cornell's and CMS's motions for summary judgment. Despite this recommendation, the district court granted summary judgment in favor of all appellees. Moore appeals.

## I.

Moore first challenges the district court's dismissal of numerous defendants pursuant to Federal Rules of Civil Procedure 4(m).[1]  The district court granted Moore permission to proceed in forma pauperis.  DCD #5, at 3.  Moore then requested that the court direct the United States Marshal to effect service to the defendants.  DCD #8.  The district court ordered the United States Marshal to effect service, but only after Moore completed waiver of service forms.  DCD #9.  Moore contends that this constitutes error.  We agree.

We review the district court's decision to dismiss an action for untimely service for an abuse of discretion.  Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1988) (per curiam).  28 U.S.C. § 1915(d) states that, for purposes of proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  This language is compulsory.  Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 302 (1989) ("Congress . . . knew how to require service when it deemed compulsory service appropriate.").  Submitting a waiver of service is a component of "all process" and § 1915(d) compels the officers of the court to perform "all duties" associated with such process.  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause with the meaning of [Fed.R.Civ.P.

---

[1]Rule 4(m) states:

**Time Limit for Service**.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

4(m)].'" <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal citation omitted).

Moore's complaint lists all defendants and their addresses. DCD #1, at 2B. Accordingly, Moore's cause of action against these defendants cannot be dismissed for failure to complete waiver of service forms because an inmate such as Moore, proceeding in forma pauperis, is not required to do so. Waiver of service is the responsibility of the United States Marshal in these settings.[2]

## II.

Moore next argues that the district court erred by granting summary judgment. To succeed on his medical claims, Moore must prove by a preponderance of the evidence a "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Moore must demonstrate that the medical deprivation was objectively serious and that prison officials subjectively knew about the deprivation and refused to remedy it. <u>Crowley v. Hedgepeth</u>, 109 F.3d 500, 502 (8th Cir. 1997). A medical need is serious if it is "obvious to the layperson or supported by medical evidence, like a physician's diagnosis." <u>Aswegan v. Henry</u>, 49 F.3d 461, 464 (8th Cir. 1995).

The district court granted summary judgment for all five remaining defendants, despite the recommendation of the magistrate judge that summary judgment against Salke, Cornell and CMS should be denied. "We review a grant of summary judgment de novo; like the district court, we must construe the evidence in the light most favorable to the non-moving party." <u>Marts v. Xerox, Inc.</u>, 77 F.3d 1109, 1112 (8th Cir.

---

[2]Of course, a district court does not have to serve defendants if "it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." <u>Williams v. White</u>, 897 F.2d 942, 944 (8th Cir. 1990).

1996).  Summary judgment is an extreme remedy, to be granted only if no genuine issue exists as to any material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Viewing the facts in the light most favorable to Moore, it took from April 1994 until December 1994 for Moore to receive adequate treatment for a toothache.  The tooth became infected and ultimately required extraction.  Something appears wrong with the dental care system.  The question before us is whether Moore has a civil rights claim that survives summary judgment.  We think it does.

### A.

We affirm the district court's grant of summary judgment for appellees Salke and Keith.  A careful review of the record reveals that there is no evidence they knew about Moore's serious medical condition, "refused to verify underlying facts that [they] strongly suspected to be true, or declined to confirm inferences of risk that [they] strongly suspected to exist . . . ."  Farmer v. Brennan, 511 U.S. 825, 843 n.8 (1994).

### B.

We reverse the district court's grant of summary judgment for appellee Jackson.  Jackson, a dentist, asserts that he was unaware of Moore's request for medical care until Moore filed suit in November, 1994.  The district court asserted that Moore "provided no evidence to show that any of the defendants knew about his need for dental care prior to August 25, 1994, when he sent a letter to defendant Cornell."  DCD #61, at 2.  We disagree.

It is reasonable to infer that Moore filed an MSR in April complaining of tooth pain when we view the facts in the light most favorable to Moore.  This is supported by the fact that his tooth was infected and ultimately required extraction.  It is a

reasonable inference from the record, then, that Moore was in pain in late April as a result of his tooth.  In addition, we have more than Moore's mere assertion that he filed the MSR and that it was lost.  Appellees concede MSRs may be lost or misplaced.  DCD #3, Attachment (Inmate Grievance, Response).  Furthermore, Moore filed grievances and an IRR complaining that his April MSR was lost.  Assuming Moore filed the April MSR, it is a reasonable inference from the record that Jackson knew about Moore's condition.

Furthermore, under the "Nursing Assessment" section of Moore's August 19 MSR (received by the dental department on August 25) there is a handwritten note, "#14 TE", followed by a number 1 with a circle around it. DCD #33, Exh. A-2.  While we do not know what the number and circle signify, it is clear from reviewing all the medical records that "#14" refers to the tooth that was eventually extracted, and that "TE" may mean "Tooth Extraction."  See, e.g., DCD #33, Exh. A-7, at 2 (containing "Services Rendered" form regarding extraction of Moore's tooth); DCD #33, Exh. A-7, at 3 (containing "Surgical/Medical Procedure Authorization" form).  Moore asserts that only dentists may authorize tooth extractions. While there may be other explanations for this notation, viewing the evidence in the light most favorable to Moore requires us to conclude there is a material issue of fact regarding whether Jackson knew about Moore's dental problems before Moore filed suit, but failed to ensure that Moore was treated until December.[3]

---

[3]We also disagree with the district court's grant of summary judgment because Moore failed to present verifying medical evidence establishing the detrimental effect of the delay in his dental treatment.  Crowley, 109 F.3d at 502.  On August 26, Moore's "symptoms were indicative of the tooth being inflamed with a **possible** infection in the pulp of the tooth.  Once a tooth has infection in the pulp it is **almost** always rendered non restorable."  DCD #33, Exh. A, at 3 (emphasis added).  According to this diagnosis, it is possible to save a tooth that has infection in the pulp.  Viewing the evidence in the light most favorable to Moore, the three month delay in treatment ensured the tooth would require extraction.  Thus, because immediate dental care might have saved Moore's tooth it is up to the jury, not the trial court, to determine if the three month delay exacerbated Moore's condition.

**D.**

We also reverse the grant of summary judgment for appellee Cornell. The district court correctly determined, for purposes of reviewing the motion for summary judgment, that Moore sent a letter to Cornell on August 25 detailing the pain resulting from his tooth.[4] The district court granted summary judgment for Cornell, however, on the basis that "[t]he next day, a nurse examined plaintiff, . . . Thus, defendant Cornell was justified in believing plaintiff's problem had been remedied." DCD #61, at 2. This conclusion, however, contradicts Cornell's affidavit in which she denies receiving Moore's August 25 letter, and states that she was "not personally aware of Mr. Moore's dental problems in the summer or fall of 1994." DCD #33, Exh. B, at 2. In short, Cornell could not be "justified in believing plaintiff's problem had been remedied" if she denies any knowledge that a dental problem existed. We agree with the magistrate judge who noted that Moore "provided sufficient evidence to show that defendant Cornell knew about his need for dental care in August 1994, that she had a duty to ensure he received treatment and that she failed to take action. Whether defendant Cornell actually received plaintiff's letter requesting dental care in August 1994, is a question of fact . . . ." DCD #54, at 3-4.

**E.**

We also reverse the grant of CMS's motion for summary judgment. CMS argues, and the district court held, that Moore failed to demonstrate a CMS policy or custom for destroying or ignoring MSRs that led to a constitutional deprivation. We

---

[4]Moore wrote in part: "My most serious problem is an infected tooth. . . . I am now experiencing pain on the entire left side (the side with the infected tooth) of my face. My left eye even hurts. I am having a discharge from my left nostril that smells like dead fish. . . . The situation has become urgent." DCD # 44, Exh. L.

-9-

agree with the magistrate judge, however, who noted that Moore presents "sufficient evidence from which a jury could find that . . . MSRs were destroyed or mishandled and that as a result, serious medical needs were unaddressed; . . . ." DCD #54, at 4.

Appellees acknowledge that it is possible for MSRs to be misplaced. DCD #44, Exh. K. Indeed, appellees concede that "[i]t is . . . difficult with the large number of dental MSRs to determine the real level of need, and avoid missing legitimate problems." DCD #33, Exh. A, at 3. Viewing the evidence in the light most favorable to Moore, he submitted an MSR in April. That MSR was misplaced or destroyed, consequently, he received no response to it. Further support for Moore's claim that CMS's custom or policies resulted in the denial of medical care is the lack of response to his August 27 MSR.

In fact, Moore only received dental care for his infected tooth after he complained to a prison guard and filed this lawsuit. It is appropriate for a jury, not the courts, to determine whether CMS had a custom or procedure of misplacing, ignoring or destroying MSRs with resulting harm to the inmates.

The district court determined, alternatively, that even if "MSRs are destroyed pursuant to an institutional custom and [Moore's] constitutional injuries resulted from that custom . . . that [Moore's] claims still fail." DCD #61, at 2. The district court supported this statement by observing that Moore failed to follow Salke's advice to submit his MSR directly to Cornell. As an initial matter, we disagree with the district court's conclusion that there is no issue for a jury when an inmate complains to prison officials of a medical need, the officials intentionally destroy such communications without acting on them pursuant to an institutional custom, and the inmate's tooth becomes infected, dies and is finally extracted more than seven months after the initial complaint.

-10-

Furthermore, a reasonable reading of Salke's letter to Moore suggests that Moore followed Salke's advice rather than ignored it. Salke informed Moore that if he is "in need of medical services and [his] MSR is not being forwarded accordingly, please direct it to Karen Cornell, . . . ." DCD #44, Exh. J, at 2. This statement appears to refer specifically to the April MSR, which was the basis of Moore's IRR reviewed by Salke. Moore produced a copy of a letter to Cornell regarding that MSR and was seen by a nurse. He filed a new MSR on the following day seeking treatment. Although he did not file this MSR with Cornell, a reasonable inference from the record is that Moore believed he should file his new MSR through normal channels because Salke's letter advising Moore to contact Cornell concerned only his April MSR. Accordingly, we reverse the grant of summary judgment in favor of CMS.[5]

---

[5]Although we cannot affirm summary judgment for Jackson, Cornell or CMS on the basis provided by the district court, we review the record to determine if summary judgment can be affirmed on other grounds. One reason appellees provide for not treating Moore before December 2 is because "[t]he fact that the dental unit did not receive any further MSRs [after Moore was seen by a nurse on August 26] complaining of severe pain in the months of September, October and November . . . gave rise to the presumption of the dental assistant that Mr. Moore's tooth no longer had detectable nerve enervation, and was thus not a medical emergency." DCD # 33, Exh. A, at 3-4. This statement is misleading. Moore filed a MSR complaining of severe pain the day after the nurse saw him. Furthermore, appellees' representations, when examined in context of other statements, place Moore in a disturbing Catch-22 if he wishes to receive dental treatment. See Joseph Heller, Catch-22 (Simon and Schuster 1961) (1955). On the one hand, appellees chastise Moore's numerous attempts in April-August to bring attention to his allegedly misplaced MSR as impeding dental treatment:

> The Jefferson City Correctional Center has an inmate population of over 2,000. . . . Multiple submissions of the same MSR complaint will not accomplish obtaining an appointment earlier. . . . The repeated submission of MSRs and grievances only impedes service in that each MSR and grievance takes away valuable service time to process unnecessary paperwork.

Appellees' Brief at 5. On the other hand, Moore's decision to file only one MSR after he was examined on August 26 "gave rise to the presumption . . . that Mr. Moore's tooth . . . was . . . not a medical emergency." DCD #33, Exh. A, at 3-4. This

-11-

## III.

Our review of the district court order confirms that the district court did not address Moore's medical malpractice claim against Dr. Jackson or his third party beneficiary contract claim against CMS. Accordingly, these issues remain before the district court.

## IV.

Moore also asserts that the district court erred by denying his motion to amend his complaint. The district court's denial was without prejudice. "[L]eave [to amend a complaint] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Leave to amend should be granted absent a good reason for the denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense of the United States, 30 F.3d 86, 88 (9th Cir. 1994). We review the district court's decision for an abuse of discretion. Id.

Moore sought to amend his complaint by adding three defendants shortly after appellees moved for summary judgment. The magistrate judge denied that request "without prejudice to reconsideration if his claims survive . . . summary judgment." DCD #43. The denial did not constitute an abuse of discretion.

## V.

contradiction speaks for itself.

-12-

Finally, Moore argues that the district court erred by denying his motion for discovery sanctions.  We review the district court's denial to compel discovery for a gross abuse of discretion.  <u>Kinkead v. Southwestern Bell Telephone Co.</u>, 49 F.3d 454, 457 (8th Cir. 1995).  After a careful review of the record, we conclude that the district court did not abuse its discretion.

## CONCLUSION

Accordingly, we affirm the district court's denial of Moore's motion to file an amended complaint and his motion for sanctions.  We also affirm the grant of summary judgment for Salke and Keith.  We reverse the district court's grant of summary judgment for Jackson, Cornell and CMS, as well as the dismissal of defendants pursuant to Fed.R.Civ.P. 4(m).  Moore's medical malpractice claim and third party contract claim remain before the district court.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.