**Kerry D. MILLER, Plaintiff,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS HEALTH CARE PROVIDERS, et al., Defendants.**

No. 2:96–CV–125.

United States District Court,
W.D. Michigan,
Northern Division.

Nov. 24, 1997.

Kerry D. Miller, Jackson, MI, pro per.

Terry Norton, Asst. Atty. General, Lansing, MI, for Defendants.

## MEMORANDUM OPINION APPROVING REPORT AND RECOMMENDATION IN PART AND DISAPPROVING IT IN PART

McKEAGUE, District Judge.

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Kerry D. Miller, proceeding pro se, alleges defendants, health care providers at the Kinross Correctional Facility, violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs. Defendants have moved for summary judgment. The motions have been reviewed by United States Magistrate Judge Timothy P. Greeley pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge has issued a report and recommendation recommending the motion of defendant Mark West be granted and the motion of defendant Leslie Schryer be denied. Defendant Schryer has objected to the report and recommendation. The Court now undertakes de novo review of those matters objected to.

■ It is undisputed that plaintiff suffers from incontinence of bowel and bladder. In order to maintain personal hygiene, he must wear adult undergarments, or "Attends." In his amended complaint, plaintiff alleges that defendants West and Schryer, registered nurses, and their supervisor, "Carol H.," during a four-day period in December 1995, intermittently failed to ensure that he was adequately supplied with Attends.[1] As a consequence, he was forced to endure the discomfort and indignity of soiled clothing and bedding for several hours during the afternoon of December 8, 1995, during the nights of December 9th and 10th, and for a short time during the afternoon of December 11th. Plaintiff alleges defendants' neglect of his needs was the product of deliberate indifference and resulted in cruel and unusual punishment, violative of the Eighth Amendment.

In summarizing the governing law, the magistrate judge correctly observed that an Eighth Amendment deliberate indifference claim consists of two components, an objective component and a subjective component. *Woods v. Lecureux,* 110 F.3d 1215, 1222 (6th Cir.1997). In the context of a claim for deliberate indifference to medical needs, the

---

1. Though named as a defendant in the amended complaint, "Carol H." has never been properly served with process. The claim against her will therefore be dismissed for lack of prosecution. Further, as observed by the magistrate judge, the complaint fails to state a valid claim against her anyway.

objective component is satisfied only if the plaintiff's medical needs are shown to be "serious." *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 290–91, 50 L.Ed.2d 251 (1976). See also *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (to state valid Eighth Amendment claim, prisoner must allege deprivation that is "objectively, sufficiently serious").

To satisfy the subjective component, a prisoner must show the defendant prison official had "a sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977; *Woods,* 110 F.3d at 1222. "Deliberate indifference" describes a "state of mind more blameworthy than negligence." *Farmer,* at 835, 114 S.Ct. at 1977. A prison official can be found to have been deliberately indifferent only if shown to have been actually aware of conditions that posed a substantial risk of serious harm to a prisoner, and to have acted with conscious disregard for that risk. *Id.* at 837, 114 S.Ct. at 1978; *Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995); *Brooks v. Celeste,* 39 F.3d 125, 128 (6th Cir.1994).

■ The facts to which the above standards must be applied are well summarized in the report and recommendation and need not be reproduced here. In applying these standards, the magistrate judge did not explicitly address the objective component. Rather, he concluded first, with respect to the claim against defendant West, that plaintiff had failed to adduce evidence supporting the subjective component of his claim. That is, the magistrate judge determined plaintiff had failed to adduce evidence upon which a reasonable trier of fact could find that West actually knew plaintiff was inadequately supplied with Attends and consciously disregarded this need. There being no genuine issue of material fact on this essential element of plaintiff's claim, he recommends defendant West be awarded summary judgment. No party having objected to this recommendation, and the Court finding that it is in all respects proper under the law and facts of record, it will be approved and defendant West's motion for summary judgment will be granted.

■ With respect to the claim against defendant Schryer, the magistrate judge reached a different conclusion. Finding the evidence pertaining to Schryer's state of mind sufficiently controverted to create a genuine fact question, he recommends denying her motion for summary judgment. Schryer objects, contending plaintiff's claim against her must fail because, irrespective of the conflicting evidence on the subjective component, the facts do not make out a sufficiently serious deprivation to support an Eighth Amendment violation. The Court agrees.

■ Deliberate indifference to a prisoner's medical needs is actionable as an Eighth Amendment violation only if the medical needs are shown to be "serious." The Court accepts that incontinence of bowel and bladder may be characterized as a serious medical condition. The relevant inquiry, however, is whether, in view of this condition, plaintiff's *need* for medical treatment was serious. The only prescribed "treatment" here at issue is the provision of Attends—not to cure the condition or relieve pain associated with it, but to maintain personal hygiene, comfort and dignity. This treatment was undisputedly provided. According to the claim against defendant Schryer, however, the treatment was allegedly intermittently delayed during a three-day period as plaintiff was not timely provided as many Attends as he needed.

■ The seriousness of the unmet medical need can only be evaluated in light of the effect of these delays. See *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir.1997); *Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir.1995); *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1188 (11th Cir.1994). While delay in providing treatment that is tantamount to the wanton infliction of pain may violate the Eighth Amendment, delay of treatment for superficial nonserious conditions does not. *Hill,* 40 F.3d at 1187–88. Where delay results in such a worsening of a medical condition that the prisoner suffers a life-long handicap or permanent loss, the medical need is also properly deemed "serious." *Id.* at 1188. To succeed on such a theory, the prisoner must

present medical evidence tending to establish that the delay worsened the condition and adversely affected his prognosis. *Id.; Crowley,* 109 F.3d at 502; *Beyerbach,* 49 F.3d at 1326.

Here, plaintiff has not alleged or shown that defendant Schryer's alleged delays during the three-day period resulted in unnecessary infliction of pain or a worsening of his incontinence condition. At worst, he has shown that inadequate provision of Attends caused him to suffer the indignity and discomfort of wearing urine and/or feces-soiled clothing for several hours at a time on each of three successive days. Because plaintiff had been placed in administrative segregation, it appears no one witnessed the indignity but defendant Schryer and another corrections officer or two. Any sense of humiliation or degradation was therefore minimized. Further, although these events occurred in December, plaintiff has not alleged that the wearing of wet clothing made him cold, exposed him to a substantial risk of other harm, or caused him to sustain any other illness.

The effect of defendant Schryer's delays in providing sufficient Attends thus appears not to have been so grave as to constitute a "serious deprivation." The complained of delays were of relatively short duration and no significant adverse medical consequence resulted. Thus, it is clear, on the present record, that plaintiff's medical needs were not sufficiently serious to support an Eighth Amendment claim. Even viewing the evidence in the light most favorable to plaintiff, the Court concludes that no reasonable trier of fact could find defendant Schryer so neglected such serious medical needs as to have inflicted cruel and unusual punishment upon plaintiff. If plaintiff's allegations were believed, the indignity he suffered would be properly called regrettable and defendant Schryer's conduct properly condemned as neglectful or even calloused. The resultant injury, however, considering the totality of the circumstances, clearly does not rise to the level of a constitutional violation.

■ In reaching this conclusion, the Court recognizes that serious or permanent physical injury is not prerequisite to recovery for deliberate indifference to serious medical needs. Pain, suffering and mental anguish caused by delay in care may be actionable as well. See *Parrish v. Johnson,* 800 F.2d 600, 611 (6th Cir.1986). In *Parrish,* Eighth Amendment violations were sustained where two paraplegic prisoners with diminished bladder and bowel control and with little or no ability to clean themselves were "regularly" or "routinely" left sitting in their own feces for significant periods of time, causing risk of infection, and were sporadically subjected to assaults and verbal degradation by a corrections officer. The facts in *Parrish* are clearly more egregious than the instant facts. The instant record does not present serious medical needs, intentional degradation or ongoing mental anguish of a magnitude comparable to that presented in *Parrish.*

On the present record, there is no genuine issue as to any material fact. The alleged delays in medical care did not implicate serious medical needs. Because proof of serious medical needs is Essential to plaintiff's claim, any genuine question of fact concerning defendant Schryer's state of mind is immaterial. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Moreover, it is clear that plaintiff has not presented facts upon which a reasonable trier of fact could conclude he was exposed to conditions posing a "substantial risk of serious harm." Absent such evidence, plaintiff cannot establish the subjective component of his claim against Schryer either. See *Sanderfer, supra.* Defendant Schryer can hardly be liable for consciously disregarding a risk that did not exist. It follows that defendant Schryer, too, is entitled to judgment as a matter of law. To the extent the report and recommendation recommends a different assessment of plaintiff's claim against Schryer, it is disapproved.

Accordingly, sustaining defendant Schryer's objections, the Court hereby approves the report and recommendation in part and disapproves it in part. The motions of defendant West and defendant Schryer for summary judgment will be granted. A judgment order consistent with this opinion shall issue forthwith.

## JUDGMENT ORDER

In accordance with the Court's memorandum opinion of even date,

**IT IS HEREBY ORDERED** that plaintiff's claim against defendant "Carol H." is **DISMISSED** for lack of service of process and lack of prosecution.

**IT IS FURTHER ORDERED** that the motions of defendants Mark West and Leslie Schryer for summary judgment are **GRANTED.**

**IT IS FURTHER ORDERED** that **JUDGMENT** is hereby **AWARDED** in favor of defendants West and Schryer on all of plaintiff's claims against them.