# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1005

_____

| | | |
|---|---|---|
| Kenneth Ray Howard, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Unknown McKee, Sergeant; Unknown | * | |
| Barton, CO; Unknown Servers, CO, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 5, 1999
Filed:  April 15, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Kenneth Ray Howard appeals the district court's[1] grant of summary judgment dismissing his 42 U.S.C. § 1983 claims that prison officials used excessive force and were deliberately indifferent to his resulting medical needs. Defendants supported their motion for summary judgment with affidavits and the pertinent medical records. The court granted the motion after Howard failed to respond. Howard then filed an untimely motion to reconsider, arguing he did not know there was a time limit for

_____

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

responding, the court had denied his requests for appointment of counsel, defendants had in fact used excessive force, and he had scars to prove the wounds they inflicted were more serious than defendants claimed. The district court summarily denied the motion to reconsider. On appeal, Howard raises these same issues. We affirm.

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. See Mayard v. Hopwood, 105 F.3d 1226, 1227-28 (8th Cir. 1997). Procedurally, Howard as a pro se litigant was required to file a timely response to defendants' motion for summary judgment. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). Howard's motion to reconsider was untimely. See Fed. R. Civ. P. 59(e). Even if we give full consideration to the facts asserted in Howard's untimely motion, the grant of summary judgment was still appropriate. Howard has not created a genuine issue of material fact as to whether force was applied "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline," because he does not challenge defendants' averrals that he broke free from his escorts while outside his cell and force was required to regain control over him. See Johnson v. Bi-State Justice Center, 12 F.3d 133, 136-37 (8th Cir. 1993). Likewise, Howard's claim that defendants were deliberately indifferent to his serious medical needs fails, because it is undisputed he was medically examined and treated, and he did not present medical evidence establishing a detrimental delay in treatment. See Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-