# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2235

_____

| | | |
|---|---|---|
| Arion O'Neal, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Carl White, | * | |
| | * | Appeal from the United States |
| Defendant, | * | District Court for the |
| | * | Western District of Missouri |
| David D. White, Dr.; Dunet | * | |
| Belancourt, Dr.; Correctional Medical | * | [UNPUBLISHED] |
| Services; H. Osaghae-Morgan; Kevin | * | |
| Martin; Randall Treadwell; Mary Snarr, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| Tony Gannon; Teresa Thornburg, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted:  March 23, 2000

Filed:  July 12, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Arion O'Neal, a Missouri prisoner, appeals from the final judgment entered in the District Court[1] for the Western District of Missouri, granting summary judgment in favor of defendants in his 42 U.S.C. § 1983 action for deliberate indifference to his serious medical needs. For reversal, O'Neal argues defendants exhibited deliberate indifference by failing to use chemotherapeutic drugs sooner to treat his condition, and by continuing to prescribe steroids when he constantly complained his condition was worsening. For the reasons discussed below, we affirm the judgment of the district court.

We review de novo the district court's grant of summary judgment. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). To state an Eighth Amendment medical-needs claim, O'Neal must show that defendants knew of, yet deliberately disregarded, his serious medical needs. See id. at 1239. The parties do not dispute that O'Neal's rare condition--neurosarcoidosis--qualifies as a serious medical need.

We agree with the district court, however, that O'Neal failed to raise a genuine issue on whether defendants deliberately disregarded his medical needs. Viewing the evidence most favorably to O'Neal, medical records show defendants responded to his complaints from the moment he entered prison, consistently provided the treatment commonly used for his condition, referred him to specialists at the University of Missouri Hospital and Clinics, and ran multiple diagnostic tests to determine his medical needs. See Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997) (where prison doctors treated inmate on numerous occasions and offered him variety of pain killers, prison doctors were not deliberately indifferent); Camberos v. Branstad, 73 F.3d

[1]The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

174, 177 (8th Cir. 1995) (prison nurses were not deliberately indifferent because they chronicled inmate's numerous medical complaints, often referred him to physician's assistant, and sent him to outside hospital seven times for further treatment). We conclude, moreover, that O'Neal's failure to submit verifying medical evidence to show a detrimental effect from any delay in tests, surgery, or alternative treatments was fatal to his Eighth Amendment claim. See Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (where inmate complains that delay in medical treatment violated Eighth Amendment, inmate must present verifying medical evidence to show detrimental effect of delay).

We also agree with the district court that O'Neal failed to create a triable issue on whether he was treated differently than similarly situated inmates, as he did not present any evidence of their treatment. See Rouse v. Benson, 193 F.3d 936, 942-43 (8th Cir. 1999).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.