PER CURIAM.
In a 42 U.S.C. § 1983 action against employees of the Arkansas Department of Correction (ADC) and Correctional Medical Services (CMS) (some of whom were not properly served), inmate Jimmy Rowe claimed denial of adequate medical care in violation of the Eighth Amendment. Specifically, he alleged that CMS State Medical Director Dr. Anderson denied care that was directed by Dr. Dotson (then a CMS physician), including a consultation with a gastrointestinal (GI) specialist for Rowe’s Hepatitis C infection, and that he has not received some of his medication doses. Rowe requested a jury trial.
After some of the defendants were dismissed for Rowe’s failure to state a claim against them under the doctrine of respondeat superior, a pretrial evidentiary hearing was held on the claims against the. remaining four served defendants. Rowe and Dr. Dotson testified. The district court[1] then dismissed the action with prejudice, finding Rowe presented insufficient evidence to create a fact issue to be submitted to the jury. Rowe appeals, and we affirm.
We find no error in the dismissal of the claims that were based on respondeat superior, rather than personal liability. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir.1995) (general responsibility for supervising prison operations is insufficient to establish the personal involvement required to support liability).
As to the post-hearing dismissal, we review de novo. See Randle v. Parker, 48 F.3d 301, 303 (8th Cir.1995). We agree with the district court that Rowe’s claim against ADC Assistant Deputy Director Mobley failed, as Mobley’s involvement was limited to denying some of Rowe’s grievances, and thus was insufficient to impose liability on him. See Camberos, 73 F.3d at 176 (prison officials who lacked medical expertise were not liable for medical staffs diagnostic decision not to refer inmate to specialist). Further, CMS Medical Manager Griffin and CMS Nurse Sanders were not directly responsible for treatment decisions. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997) (“Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment or *581 by prison doctors who fail to respond to prisoner’s serious medical needs.”).
As to Dr. Anderson, we find that Rowe established only a disagreement with the treatment he received. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (mere disagreement with the course of medical treatment is insufficient to state Eighth Amendment claim). Rowe wanted a certain medication Dr. Dotson had prescribed for his irritable bowel syndrome, but Dr. Anderson substituted similar medications. Rowe’s blood was tested every few months to monitor his Hepatitis C, and he offered no verifiable medical evidence to establish that he was harmed by the denial of a consultation with a GI specialist. Cf. Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir.1997) (inmate who complains about delay in medical treatment must present verifying medical evidence of detrimental effect of delay).
Accordingly, we affirm.

. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).