**350**

Wanda TUCKER, et al.,
Plaintiffs/Appellants,

v.

Kevin WIBBENMEYER,
Defendant/Respondent.

No. 66564.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 1995.

Gerald M. Dunne, Clayton, for appellants.

Russell F. Watters, Kenneth M. Burke, T. Michael Ward, Brown & James, P.C., St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiff, for herself, and as next friend for her children Jeremy, Frank and Bethany, appeals from the order of the trial court directing a verdict in favor of defendant at the close of all the evidence in this automobile accident case. We reverse.

We view the evidence most favorably to the plaintiff. Plaintiff was at an intersection in Jefferson County. She stopped and looked to her right and left. She then entered the intersection and was approximately three-quarters of the way through it when she observed defendant's car to her left in close proximity to her vehicle. In the split second she observed the vehicle before collision she estimated its speed to be 60 mph. Thirty or thirty-five mph was the speed limit at that point. The accident occurred to the left rear of plaintiff's vehicle and the right

front of the defendant's vehicle. Plaintiff testified that she was almost out of the intersection when she was struck. The accident occurred in the left lane of the road defendant was traversing, i.e., defendant's vehicle was on the wrong side of the road at the time of the collision. Defendant admitted being on the wrong side of the road, stating he went to that side hoping to avoid the collision. The force of the impact drove plaintiff's vehicle off the road against a tree, turned defendant's vehicle one-hundred eighty degrees so it was facing the opposite direction it was traveling, and "totaled" both vehicles. The plaintiff produced no medical testimony. She and her children were treated at the hospital after the accident and released the same evening. X-rays were negative. Plaintiff testified tentatively that she sustained cuts and was sore and had discomfort after the accident. There was testimony that Jeremy and Frank each had cuts and were sore at the hospital. There was evidence that Bethany, who was six weeks old, sustained cuts. There was testimony that two days later a bump was found on her head and she was taken to the hospital where no conclusive findings of injury were made. Plaintiff and Jeremy and Frank attempted to link subsequent visits to a chiropractor some three months after the accident to the same sort of generalized soreness they felt after the accident.

■ The evidence was clearly sufficient to establish a case for the jury of defendant's negligence. He was on the wrong side of the road where he intentionally drove. That a driver is on the wrong side of the road is *prima facie* evidence of negligence and even if an explanation is offered the inference is sufficient to take the issue to the jury except in circumstances not present here. *Friederich v. Chamberlain,* 458 S.W.2d 360 (Mo. banc 1970) [4–7]; *Libby v. Hill,* 687 S.W.2d 264 (Mo.App.1985) [9, 10]. Being on the wrong side of the road was not an allegation of negligence in plaintiff's petition but the issue was tried by implied consent of the parties and is treated in all respects as if it had been raised in the pleadings. Section 509.500 RSMo 1994. Further the evidence was sufficient to establish the pleaded charge of excessive speed. The estimate of a witness to speed, even if based upon a fleeting or split second view of the vehicle, is evidence of speed. *Vaeth v. Gegg,* 486 S.W.2d 625 (Mo.1972) [1–3]. Estimates of speed, damage to the automobiles, force of the impact and other physical facts are proper for the jury to consider and are sufficient to submit the issue of excessive speed. Estimate of speed, damage and force of impact were all present here. It is also a reasonable inference that in this "almost escaping" situation any lesser speed would have avoided the accident. *Schmittzehe v. City of Cape Girardeau,* 327 S.W.2d 918 (Mo.1959) [7, 8]; *White v. Gallion,* 573 S.W.2d 682 (Mo.App.1978) [7, 8].

■ Defendant's main contention is that the plaintiffs failed to establish damages resulting from the accident. He professes that the sudden onset rule does not apply to the injuries for which the plaintiff and her children sought treatment from the chiropractor. We need not decide that. Plaintiff, Jeremy, and Frank, all sustained cuts and some localized soreness from the accident, and Bethany sustained cuts. Those injuries, slight though they may be, would entitle them to damages. The sudden onset rule obviates the need for medical testimony to establish the element of causation arising from an accident. Under the sudden onset doctrine, causation may be inferred by a lay jury, without the aid of medical testimony, where the obvious symptoms of the injury follow the trauma immediately, or with only short delay, and the injury is the type that is normally sustained in the kind of trauma involved. *Berten v. Pierce,* 818 S.W.2d 685 (Mo.App.1991) [1]. The most obvious cases are where a person involved in an accident suffers a broken bone or open wound. *Id.* Cuts arising during or immediately after an accident are open wounds and are covered by the sudden onset rule. Localized pain or soreness occurring immediately or with only short delay is sufficient to fit within the rule. *Id.* Subsequent complaints or complaints of generalized pain or disability which would not be covered by the sudden onset rule could have been removed from the jury's consideration by a withdrawal instruction. Plaintiff and her children were entitled to have the jury assess the damages

they sustained from injuries they sustained in the accident which were established under the sudden onset rule.

Judgment as to plaintiff and her children is reversed and remanded for further proceedings.

PUDLOWSKI and WHITE, JJ., concur.