Daniel P. **REESE**, Plaintiff–
Respondent,

v.

Samuel **BROOKS**, Donna Brooks, and the Corporation of Police & Private Security, Inc., d/b/a Copps, Inc., Defendants–Appellants.

No. ED 77364.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 20, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2001.

Application to Transfer Denied
May 29, 2001.

Fernando Bermudez, Clayton, MO, for appellants.

Sharon Agee, St. Louis, MO, for respondent.

MOONEY, Judge.

Samuel Brooks, Donna Brooks and The Corporation of Police and Private Security, Inc. d/b/a Copps, Inc. ("Copps")[1] appeal the judgment entered by the trial court awarding Daniel Reese ("Plaintiff") $25,000 in actual damages and $250,000 in punitive damages stemming from a fight outside a bar. According to Defendants,

the trial court: (1) plainly erred in entering judgment for actual and punitive damages against Copps given that there was no verdict-directing instruction given against the corporate entity; (2) erred in entering judgment for punitive damages against Defendants because Plaintiff presented no evidence that Defendants acted with evil motive or reckless indifference; (3) erred in allowing Plaintiff's treating physician to testify that Plaintiff's wounds were defensive in nature, which is not a proper subject for expert testimony; and (4) erred in not allowing remittitur because the jury's damages award is excessive and not supported by the evidence. We affirm.

The facts, viewed in the light most favorable to the jury's verdict, are as follows: During the early morning hours of October 15, 1994, Mr. Brooks, Mrs. Brooks and a third security guard were providing security services for Cadillac Bar and Grill. At approximately 2:15 a.m., Plaintiff arrived at the bar and his friend purchased him a beer. However, the establishment closed within a few minutes of Plaintiff's arrival at the bar. Plaintiff started to walk toward the door with his beer in hand, but was stopped from behind by Mr. Brooks, who told Plaintiff he could not go outside with the beer. Plaintiff responded by calling Mr. Brooks a "rent-a-cop," at which time Mr. Brooks removed the beer from Plaintiff's hands and a war of words ensued. At some point the discord turned physical, and Mr. Brooks struck Plaintiff in his head several times with a flashlight. Mrs. Brooks then joined the fray, hitting Plaintiff as well. Plaintiff fell to the ground, covered his head, and did not get up. Several witnesses intervened, trying to separate Plaintiff, Mr. Brooks and Mrs. Brooks, while the third Copps security officer made no attempt to intervene. Ac-

1. We will refer to Mr. Brooks, Mrs. Brooks and Copps collectively as Defendants.

cording to witnesses, Plaintiff, bleeding from his head, was heard saying "I give" several times. When the police arrived, Plaintiff was already handcuffed by Mr. Brooks. He was then arrested and taken by ambulance to the hospital where he received stitches to his head and finger. Plaintiff was then transported to jail and charged with third-degree assault.[2]

Plaintiff filed suit against Defendants for malicious prosecution and assault and battery.[3] At trial, the jury heard the above evidence of the contentious events between Plaintiff and Mr. and Mrs. Brooks. In addition, Copps stipulated at trial that it provided security services to the Cadillac Bar and Grill, that Copps employed Mr. and Mrs. Brooks, and that Mr. and Mrs. Brooks were acting within the scope of their employment at the time of the fight.

Plaintiff also adduced evidence of his injuries, $1,440 in medical bills, and his current medical condition. According to Plaintiff's treating physician, Dr. Joseph Hilgeman, Plaintiff appeared to have suffered multiple blows to different areas of the body, all of which seemed to be in "defensive areas" of the body. Dr. Hilgeman further defined "defensive areas" as those "[m]ainly in the back or in places where he [Plaintiff] would not be facing the attacker...."

Plaintiff complained that since the incident, he experiences bouts of dizziness and vertigo on a daily basis and that he does not hear as well as he previously did. Dr. Hilgeman also testified that Plaintiff, due to the assault, will always suffer from vertigo.

Based upon the foregoing evidence, the trial court entered a directed verdict for Copps on the malicious prosecution claim. However, the jury found for Plaintiff on the assault claim, awarding him $25,000 in actual damages against all Defendants, punitive damages against Mr. Brooks in the amount of $150,000, and $50,000 in punitive damages each against Ms. Brooks and Copps. Defendants' post-trial motions, including a motion for judgment notwithstanding the verdict ("JNOV"), motion for new trial, and a motion for remittitur, were denied by the trial court. Defendants filed this timely appeal.

■ In its first point on appeal, Copps claims that the trial court plainly erred in entering judgment for compensatory and punitive damages against it, and in refusing to grant JNOV, because there was no verdict-directing instruction against the corporation individually. More specifically, Copps contends that the trial court plainly erred in allowing the jury to assess damages against it in its verdict when the verdict directors did not mention Copps or inform the jurors what facts they must find in order to award Plaintiff damages against the corporation.

■ In this case, Plaintiff correctly asserts the jury received no verdict-directing instruction as to Copps's liability for actual and punitive damages. This was not merely a "roving commission to the jury," but no commission at all. Yet, our scope of review is circumscribed by appellant's failure to preserve this remarkable error for our review. Under such circumstances, our review is restricted to determining whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted

---

**2.** Plaintiff was tried and acquitted of the assault charge.

**3.** Plaintiff also claimed in his petition that Copps filed a false police report and testified

falsely against Plaintiff at Plaintiff's criminal assault trial. However, such claims are not relevant to this appeal.

in a manifest injustice or a miscarriage of justice. Rule 84.13(c). Moreover, we are mindful that the plain-error doctrine is rarely resorted to in civil cases. *Gilleylen v. Surety Foods, Inc.,* 963 S.W.2d 15, 18 (Mo.App. E.D.1998). Because the jury received proper verdict-directing instructions as to Mr. and Mrs. Brooks, and Defendants concede that Mr. and Mrs. Brooks were operating within their scope of employment during the fight, we find the failure to give a verdict-directing instruction against Copps did not result in a manifest injustice or miscarriage of justice. Point denied.

■ Defendants' second claim on appeal is that the trial court erred in entering judgment for punitive damages against Mr. Brooks, Mrs. Brooks and Copps, and in refusing to grant Defendants' JNOV motion, because Plaintiff failed to present evidence that any of the three Defendants acted with evil motive or reckless indifference against Plaintiff. We disagree.

■ The imposition of punitive damages is proper where a defendant's conduct was outrageous because of his or her evil motive or reckless indifference to the rights of others. *Carpenter v. Chrysler Corp.,* 853 S.W.2d 346, 364 (Mo.App. E.D. 1993); MAI 10.01. Whether such damages should be awarded is a matter for the discretion of the trial court. *Hostler v. Green Park Development Co.,* 986 S.W.2d 500, 507 (Mo.App. E.D.1999), *citing Gibson v. Adams,* 946 S.W.2d 796, 804 (Mo.App. E.D.1997). This court reviews the jury's verdict for an abuse of discretion, which is established when the punitive damage award is so disproportionate to the factors relevant to the size of the award that it reveals "improper motives or a clear absence of the honest exercise of judgment." *Call v. Heard,* 925 S.W.2d 840, 849 (Mo. 1996), *citing Beggs v. Universal C.I.T. Credit Corp.,* 409 S.W.2d 719, 724 (Mo. 1966).

After reviewing the record, we do not find the punitive damage award so disproportionate as to reveal an improper motive or absence of honest judgment. To the contrary, the evidence presented by several witnesses is that the physical altercation was started by Mr. Brooks in response to a comment made by Plaintiff as he was exiting the bar. Angered by Plaintiff's "rent-a-cop" comment, Mr. Brooks grabbed Plaintiff's beer from his hand, and pushed him out the door. Mr. Brooks then hit Plaintiff several times with a flashlight, causing Plaintiff to fall to the ground. While on the ground and with his head bleeding, Plaintiff pleaded "I give" several times as Mr. Brooks continued to pummel Plaintiff. At some point, Mr. Brooks was joined by his wife, who also admitted to hitting Plaintiff with a flashlight. A third Copps employee sat nearby and did nothing to intervene during this entire incident. Instead, several witnesses to the altercation were forced to quell the brawl, pulling Mr. Brooks off Plaintiff. As a result of the assault, Plaintiff suffers from vertigo on a daily basis, and his hearing has been affected. Based upon the evidence presented, and given that Mr. and Mrs. Brooks concede they were acting within the scope of their employment at the time of the fight, we cannot conclude that the trial court abused its discretion in awarding punitive damages against Mr. Brooks, Mrs. Brooks and Copps. Point denied.

■ Defendant's third complaint on appeal is that the trial court erred in permitting Plaintiff's treating physician, Dr. Hilgeman, to testify that Plaintiff's wounds were defensive in nature. According to Defendants, the physician's testimony was improper because testimony regarding the defensive nature of Plaintiff's wounds is not appropriate subject matter for expert testimony, the physician is not an expert on the subject of defensive injuries, and whether the injuries were defensive in na-

ture goes beyond the scope of Dr. Hilgeman's testimony as a treating physician.

Here, Dr. Hilgeman's challenged testimony was of marginal value to Plaintiff because Plaintiff and Defendants both concede Plaintiff received some defensive wounds to his head by Mr. Brooks. The issue here was not whether Plaintiff suffered such wounds; clearly, he did. The question instead is whether Defendants were responding to prior provocation by the Plaintiff. Even if the admission of the treating physician's testimony was error, we fail to find such error materially affected the merits of the action. Rule 84.13. Point denied.

■ In Defendants' final point on appeal, they contend that the trial court erred in not entering remittitur because the jury's award of $25,000 in actual damages and an additional $250,000 in punitive damages is excessive. We disagree.

■ The assessment of damages is primarily a jury function. *Smith v. Wal-Mart Stores, Inc.*, 967 S.W.2d 198, 208 (Mo.App. E.D.1998). However, the trial court can grant remittitur where, "after reviewing the evidence in support of the jury's verdict the court finds that the jury's verdict ... exceeds fair and reasonable compensation for plaintiff's injuries and damages." *Barnett v. La Societe Anonyme Turbomeca France*, 963 S.W.2d 639, 656 (Mo.App. W.D.1997); Section 537.068. The trial court has broad discretion in ordering remittitur, and its decision whether or not to reduce damages will not be disturbed on appeal absent an abuse of discretion so grossly excessive that it shocks the conscience and convinces this court that both the trial judge and the jury have abused their discretion. *Id.* In reviewing the excessiveness of a verdict, we must only consider evidence that supports the verdict, and exclude evidence that disaffirms it. *Wright v. Fox-Stanley Photo Products, Inc.*, 639 S.W.2d 407, 410 (Mo.

App. E.D.1982). Moreover, there is no exact formula for determining excessiveness, and we must consider each case on it own facts with the ultimate test being what fairly and reasonably compensates plaintiff for the injuries sustained. *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 211 (Mo.1991).

Here, by a unanimous decision the jury agreed to award Plaintiff both actual and punitive damages. Construing all the evidence in favor of Plaintiff and disregarding the Defendants' evidence, we find ourselves unable to convict the concordant jury and the trial judge of error in the assessment of damages. The award of punitive damages, while exceedingly generous, does not constitute an abuse of discretion so grossly excessive that it shocks this court's conscience. Point denied.

The judgment is affirmed.

SIMON and SULLIVAN, JJ., concur.