Steven **CRAWFORD**, a Minor by and Through His Next Friend, Violet **CRAWFORD**, and Violet Crawford and Terry Crawford, Respondents,

v.

**SHOP 'N SAVE WAREHOUSE FOODS, INC., Appellant.**

No. ED 80031.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 2002.

John E. Bell, Clayton, MO, for respondent.

Susan M. Herold, Sam P. Rynearson, Patricia Frank, David A. Feltz, St. Louis, MO, for appellant.

GEORGE W. DRAPER III, Judge.

Steven Crawford (hereinafter, "Crawford") and Violet and Terry Crawford (hereinafter, "Crawford's parents") brought suit against Shop 'N Save Warehouse Foods, Inc. (hereinafter, "Store") for injuries Crawford sustained while riding in Store's shopping cart. The trial court entered judgment pursuant to the verdict in favor of Crawford and his parents. The trial court later granted Store's motion for remittitur. Store appeals the judgment entered upon the jury verdict; Crawford and his parents cross-appeal the grant of remittitur. We affirm in part and reverse in part.

On October 29, 1993, Cecelia Crawford (hereinafter, "Sister") took her two and a half year old brother, Crawford, to Store. Crawford was placed in Store's shopping cart according to the instructions. When Sister pushed the shopping cart, she noticed that the wheels "flopped around" in different directions as the cart moved. As Sister and Crawford exited Store, Sister had to push the shopping cart down a sloping area to get to the parking lot.

At the base of the sloped area was a drainage grate. When Sister pushed the shopping cart across the grate, the shopping cart suddenly stopped. Sister's momentum carried her forward causing her to hit the stationary shopping cart. The shopping cart with Crawford in it began to tip over. Sister managed to keep the shopping cart from completely overturning. However, Crawford began screaming.

Immediately thereafter, Crawford was taken to St. Luke's Urgent Care Center where he was diagnosed as having a fractured femur. Crawford was transferred to Children's Hospital, admitted, placed in "skin traction," and put on intravenous morphine. Crawford spent five days in the hospital. During that time, he underwent a closed reduction under general anesthesia and was placed in a spica, or body cast.

Crawford remained in the body cast for three months. He was unable to walk or complete his potty training. Crawford's mother had to carefully change his diapers at least five times a day, which required her to remove and replace an elaborate arrangement of waterproof taping designed to keep anything from leaking out of the diapers and into the cast. Crawford's mother had to carry Crawford or move him in a wheelchair, and had to transport him with her to her place of employment.

Once Crawford's body cast was removed, his mother had to teach him to walk again and transport him to physical therapy for three to four more months. By July 20, 1994, Crawford had a leg-length discrepancy which his orthopedic surgeon stated must be followed closely until he reached the age of sixteen. Crawford gradually complained of less pain over the next six years.

Crawford's parents filed suit against Store individually and as next friend of Crawford. On May 11, 2001, judgment was entered pursuant to the jury verdict awarding Crawford $100,000 and his parents $25,000. Store filed various post-trial motions, including a motion for remittitur.

The trial court denied all post-trial motions except for Store's motion for remittitur. The trial court then entered judgment reducing damages to Crawford's parents to the sum of $7,907.10. Store appeals the judgment of liability; Crawford's parents cross-appeal trial court's grant of remittitur.

■ In its first point on appeal, Store argues the trial court erred in failing to grant Crawford's motion for directed verdict and/or motion for judgment notwithstanding the verdict (hereinafter, "JNOV") because there was no evidence introduced which would establish that a shopping cart wheel caught in the grate during this accident, or that a caught wheel was the direct or proximate cause of damage to Crawford. In sum, Store argues that the evidence did not establish a submissible jury case for negligence against it.[1]

■ Our review of the denial of a motion for directed verdict and a motion for JNOV is essentially the same. *Giddens v. Kansas City Southern Ry. Co.*, 29 S.W.3d 813, 818 (Mo. banc 2000). "In determining whether the evidence was sufficient to support the jury's verdict, the evidence is viewed in the light most favorable to the result reached by the jury, giving the plaintiff the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with that verdict." *Id.* A directed verdict or JNOV is appropriate if the plaintiff fails to make a submissible case. *Boyer v. Sinclair & Rush, Inc.*, 67 S.W.3d 627, 632 (Mo.App. E.D.2002). This Court will reverse the jury's verdict for insufficient evidence only when there is a complete absence of probative fact to support its decision. *Burns*

*Nat. Lock Installation Co., Inc. v. American Family Mut. Ins. Co.*, 61 S.W.3d 262, 271 (Mo.App. E.D.2001).

■ Sister testified she placed Crawford in Store's shopping cart according to the instructions. She further stated that the wheels on the shopping cart tended to "flop around" while she pushed it. As Sister pushed the shopping cart over the grate while exiting Store on the way to the parking lot, the shopping cart abruptly stopped, tipped over, and Crawford was injured. From this testimony, giving the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with the verdict, we find a submissible case was made. *See Burns v. Schnuck Markets, Inc.*, 719 S.W.2d 499 (Mo.App. E.D.1986)(submissible case made based on testimony of a wobbly shopping cart wheel and the shopping cart stopping abruptly). Point denied.

In its next two points on appeal, Store argues that the trial court erred in giving two instructions. Store contends in its second point that trial court erred in submitting Crawford's verdict director to the jury over its objection because the instruction: (1) hypothesized that Store maintained a grate "capable of catching the wheel of a shopping cart," when there was no evidence that the cart's wheel caught in one of the grate slots during this accident or that a caught wheel caused the cart to tip; (2) granted the jury a roving commission in that it failed to confine the jury to consider that the wheel actually caught in the grate; and (3) failed to hypothesize an essential element of Crawford's case, that the accident was a direct result of a failure to remove, barricade, or warn of the grate.

---

1. We remind attorneys to review both the Supreme Court Rules and our Local Rules of appellate practice before submitting documents to this Court. Points on appeal must follow the dictates of Rule 84.04(d) which are

explained by *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Failure to comply with these mandates can result in dismissal of an appeal. *See M.C. v. Yeargin*, 11 S.W.3d 604 (Mo.App. E.D.1999).

Store's third point alleges the trial court erred in allowing Crawford's damages instruction to be submitted to the jury because the instruction improperly submitted future damages to the jury where there was no evidence of future damages. Both of these arguments fail.

■ Rule 84 governs procedures in all appellate courts. Further, Rule 84.04(e) specifies that "[i]f a point relates to the giving, refusal or modification of an instruction, such instruction shall be set forth in full in the argument portion of the brief." Neither of the challenged instructions are set forth in any of the briefs as required by the rule. Failure to set forth the tendered instructions in the *argument portion* of the briefs results in the failure to preserve the second and third points for appellate review. *Desai Corp. v. Colony Ins. Co.*, 30 S.W.3d 223, 225 (Mo.App. W.D.2000); *Hughes v. Palermo*, 911 S.W.2d 673, 674 (Mo.App. E.D.1995)(emphasis added).

■ We review Store's points, *ex gratia,* and find no error, plain or otherwise. *See* Rule 84.13(c). In reviewing Store's second point, we find Crawford made a submissible case of negligence against Store. Crawford did not have to present direct evidence that the shopping cart wheel stuck in the grate, but rather, could submit circumstantial evidence to support his claim. *Coggins v. Laclede Gas Co.*, 37 S.W.3d 335, 339 (Mo.App. E.D.2000). Thus, in circumstantial evidences causes, causation is a jury question. *Id.* Store's third point claims there was no evidence of future damages. However, there was ample evidence from both parties' medical experts verifying Crawford's necessary future medical treatment. Both allegations of error are denied.

In Store's final point on appeal, it claims that the trial court erred in denying its motion for new trial because numerous cumulative errors were made during the trial which incited prejudice against Store, including: (1) the trial court abused its discretion in allowing the testimony of Fabian Sickles (hereinafter, "Photographer") and the admission of the photographs of his experiments with a shopping cart at the accident scene since there was no evidence offered to the effect that the accident occurred in the manner suggested by his testimony, and the resulting photographs entered into evidence were therefore, irrelevant and immaterial to this case and highly prejudicial to Store; (2) the trial court abused its discretion in its evidentiary rulings in admitting evidence that Crawford experienced pain on an intermittent basis from 1994 to 2000 because there was no medical testimony that any pain sustained from 1994 to 2000 was causally related to his accident and that evidence was highly prejudicial to Store; and (3) the trial court abused its discretion in overruling Store's objections to Crawford's voir dire questioning in which Crawford's counsel was allowed to ask the members of the jury if they could return a plaintiff's verdict if a sum of $150,000 to $200,000 was requested and the evidence showed that Crawford sustained a serious injury, which sought to commit the jury to a verdict in voir dire. We address each of these alleged errors in turn.

■ Store first claims the trial court abused its discretion in admitting Photographer's testimony and photographs. Admission of photographic evidence rests within the discretion of the trial court, and its decision will not be disturbed absent an abuse of that discretion. *Henderson v. Fields*, 68 S.W.3d 455, 473–74 (Mo.App. W.D.2001). Experimental evidence is admissible if it was conducted under substantially similar conditions to the occurrence of the underlying suit. *Steinhoff v. Rolen*, 945 S.W.2d 516, 518 (Mo.App. E.D.1997).

■ Photographer's testimony and photographs merely showed that it was possible for a shopping cart wheel to fit into the grate. The conditions of Photographer's experiment with the shopping cart did not need to be identical to what actually occurred. *Id.* We do not find that the trial court abused its discretion in admitting the testimony and photographs.

Store's second contention is that the trial court abused its discretion in admitting evidence that Crawford experienced pain from 1994 to 2000 because there was no medical testimony that the pain was causally related to Crawford's accident. In determining the admissibility of testimony, the trial court is afforded substantial discretion, and its decision will not be reversed on appeal absent an abuse of its discretion. *Henderson,* 68 S.W.3d at 476.

■ Crawford relied on the "sudden onset doctrine" in submitting his claims to the jury. There was evidence that Crawford suffered pain from 1994 to 2000 which came into the trial via his medical records and the testimony of his mother. It is well settled under the "sudden onset doctrine" that a causal connection may be inferred if the injury develops coincidentally with the negligent act. *State v. Norwood,* 8 S.W.3d 242, 247 (Mo. App. W.D.1999). Causation may be inferred by a lay jury without the aid of medical testimony. *Tucker v. Wibbenmeyer,* 901 S.W.2d 350, 351 (Mo.App. E.D. 1995). The most obvious cases in which the "sudden onset doctrine" is applied an accident where a person suffers a broken bone or an open wound. *Id.*

■ The trial court properly admitted the evidence of Crawford's pain from 1994 to 2000. Under the "sudden onset doctrine," there was no need for medical testimony to causally link Crawford's pain to his injury. The jury was able to infer that the pain Crawford experienced was from his broken bone and its subsequent healing.

■ Finally, Store claims that Crawford's voir dire questioning was in error. The trial court is vested with broad discretion in allowing or prohibiting question of the venire during voir dire. *Henderson,* 68 S.W.3d at 477. "The trial court's handling of voir dire will not warrant reversal absent a showing of abuse of discretion and likely injury." *Id.* Trial counsel is afforded wide latitude in questioning the venire in order to explore possible challenges for cause or peremptory strikes. *State v. McMillin,* 783 S.W.2d 82, 94 (Mo. banc 1990). However, trial counsel is not allowed to receive a commitment from the jury as to a certain verdict or amount of damages before hearing the evidence. *Wright v. Chicago, B. & Q.R. Co.,* 392 S.W.2d 401, 408 (Mo.1965).

■ In the instant case, Crawford's trial counsel asked the venire if they could return a plaintiff's verdict if a sum of $150,000 to $200,000 was requested and supported by the evidence. This statement did not attempt to commit the jury to awarding a specific amount of damages to Crawford. Further, the jury verdict fell below the $150,000 to $200,000 range. The trial court did not abuse its discretion.

■ A new trial can be ordered when there are cumulative errors, even without deciding whether any single point would constitute grounds for reversal. *DeLaporte v. Robey Bldg. Supply, Inc.,* 812 S.W.2d 526, 536 (Mo.App. E.D.1991). However, since none of the allegations here were in error, there were not numerous cumulative errors which would mandate a new trial. Point denied.

■ Crawford raises one point on his cross-appeal. Crawford believes that the trial court erred as a matter of law, mis-

declared and/or misapplied the law and abused its discretion in granting Store's motion for remittitur and in entering judgment for Crawford's parents in an amount less than the jury's verdict because: (1) the trial court erroneously ruled that Crawford's loss of service claim was "liquidated" when, as a matter of law, it is a separate personal injury claim; and that Crawford's parents were not entitled to recover any damages for loss of the company, services, society, and companionship of their son in the absence of proof of specific pecuniary loss arising from those elements of damage when, as a matter of law, such proof is not required, and said element of Crawford's claim was not supported by substantial and competent evidence; and (2) the trial court erroneously ruled that Crawford parents were not entitled to recover any damages for the child's necessary future medical care without specific evidence of the cost of same when, as a matter of law, such proof is not required, and said element of the parents' claim was supported by substantial and competent evidence. We agree.

 The trial court may grant a motion for remittitur when following review of "the evidence in support of the jury's verdict the court finds that the jury's verdict ... exceeds fair and reasonable compensation for plaintiff's injuries and damages." *Reese v. Brooks*, 43 S.W.3d 415, 420 (Mo.App. E.D.2001). Absent an abuse of discretion that shocks the conscience and convinces this Court that both the trial judge and the jury abused their discretion, the decision whether or not to reduce damages will not be disturbed on appeal. *Hosto v. Union Elec. Co.*, 51 S.W.3d 133, 144 (Mo.App. E.D. 2001).

 "At common law, an injury to a child gave rise to two causes of action: one on behalf of the child for pain and suffer-ing, permanent injury, and impairment of earning capacity after majority; the other on behalf of the parents for loss of services during minority and expenses for treatment." *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). However, now, the cause of action for medical expenses is vested jointly in the parents and the child, but there may be no double recovery. *Id.* at 90. Merely showing the "possibility that medical expenses would be incurred for treatment which might be advised in the future without showing 'even a probability that additional medical expenses would be incurred during ... minority' would not support a judgment." *Wilson v. Lockwood*, 711 S.W.2d 545, 555 (Mo.App. W.D.1986)(*citing Kramer v. May Lumber Co.*, 432 S.W.2d 617, 622 (Mo.App. K.C.Dist.1968)).

 In this case, we believe that the trial court abused its discretion. There was sufficient testimony that Crawford would need future medical care. His doctor stated it is imperative that Crawford be followed closely in pediatric orthopedics until he reaches the age of sixteen, and additionally, he could require scanograms to monitor the possible leg-length discrepancy.

Further, Store's doctor examined Crawford in 2000 and stated that scanograms cannot divulge any information unless they have been taken one year apart. Thus, any scanogram that is required would have to be followed by another one, one year later to yield any diagnostic information. Store's doctor also testified that Crawford's body could attempt to overcompensate for his leg-length differential and rather than his broken leg being too short, it could grow too long. Store's doctor was unable to state whether Crawford's leg was stable at the time of trial.

In *Lester v. Sayles*, 850 S.W.2d 858 (Mo. banc 1993), the mother of an injured child

was awarded substantially more than the actual medical expenses she had at the time of trial. Similarly, there was testimony indicating that the injured child would require additional medical care and therapy, as well as full-time care which the mother would provide. *Id.* at 871. The Court stated that "[m]ost importantly, [the mother] has been deprived of the enjoyment of her daughter's company, the loss of her services, society and companionship." *Id.*

There was testimony from both parties that Crawford needed continuing medical care. At the time of his injury, his parents had to provide him with full time care, including the time in which Crawford was immobilized and carefully tending to his injuries. His parents will be expected to provide him with the necessary future medical treatment so that he will be able to fully recover from the accident at Store. Additionally, Crawford's parents' claim for damages was not liquidated by the award to Crawford as they have their own independent action against Store. *See Boley*, 905 S.W.2d at 88.

Given the lasting trauma and continuing medical care that both parties testify that Crawford requires, we find the trial court abused its discretion in granting Store's motion for remittitur. The jury's verdict awarding Crawford's parents' damages should be reinstated.

The judgment of the trial court is affirmed in part, and reversed in part. We reinstate the judgment of the trial court awarding the full amount of damages, $25,000, assessed by the jury to Crawford's parents pursuant to Rule 84.14.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.